Ewillis Eugene TURNER *v.* STATE of Arkansas

CA CR 87-117                                    749 S.W.2d 339

Court of Appeals of Arkansas
En Banc
Opinion delivered May 4, 1988

*William R. Simpson, Jr.*, Public Defender; *Kenneth S. Gould*, UALR Legal Clinic, by: *Tommy Cooper*, Rule XV Law Student, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

MELVIN MAYFIELD, Judge. Appellant, Ewillis Turner, was convicted of possession of marijuana. He received a suspended sentence of 10 days and a $100.00 fine, plus costs.

The evidence shows that on October 1, 1986, two Little Rock police officers, riding in the same vehicle, stopped at a street intersection in Little Rock and observed a black male, with a brown paper sack in his hand, standing in the middle of the street flagging down cars. The officers testified that the man flagged down a 1975 Ford LTD driven by the appellant and leaned into the driver's window and talked to the driver for 30 to 40 seconds as the officers pulled across the intersection. The officers said that as they drove up to appellant's car, the black man looked up and, apparently upon seeing them approach, dropped the paper sack into appellant's car and ran away. The appellant quickly picked up the sack and threw it out the window on the passenger side of his car. One of the officers retrieved the sack which contained several plastic bags of green vegetative matter that was later analyzed in the state crime laboratory and found to be marijuana. Appellant was arrested and taken to the police department.

On appeal, the appellant argues the evidence was insufficient to find him guilty of possession of a controlled substance. Under Ark. Stat. Ann. § 82-2617(c) (Supp. 1985), it is unlawful for any person to possess a controlled substance unless the substance has been obtained directly from a valid prescription or except as otherwise authorized by the Controlled Substances Act. Possession as defined by Ark. Stat. Ann. § 41-115(15) (Repl. 1977) means "to exercise actual dominion, control, or management over a tangible object." Appellant contends that his fleeting, brief contact with the marijuana for the express purpose of getting rid of it was the antithesis of the exercise of the dominion,

control, or management necessary to constitute possession. He argues he never formed a present intent to possess marijuana and that his interest during the brief contact was clearly *not* to possess the marijuana.

On appeal in criminal cases, whether tried by a judge or jury, we review the evidence in the light most favorable to the state and affirm if there is any substantial evidence to support the trial court's judgment. *Lane* v. *State*, 288 Ark. 175, 702 S.W.2d 806 (1986); *Harris* v. *State*, 15 Ark. App. 58, 689 S.W.2d 353 (1985). Substantial evidence is evidence of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980). Intent, being a state of mind, can seldom be positively known to others, so it ordinarily cannot be shown by direct evidence, but it may be inferred from the facts and circumstances surrounding the act involved. *Heard* v. *State*, 284 Ark. 457, 683 S.W.2d 232 (1985).

In the present case, the appellant gave the following statement to the police when he was arrested:

Detective Gray is writing this statement at my request. I was going to see my Uncle at 27th and State. As I turned off Wright Avenue, a dude stopped me, and asked me if I wanted to buy any dope. I didn't go there to buy. But when the dude asked, I decided to. Before we could trade any money for the dope, the dude threw a sack into my car, and ran off. When I saw the police, I threw the sack out of my car. I knew automatically that they were the police. I don't know who the dude was.

The appellant cites the case of *Moreau* v. *State*, 588 P.2d 275 (Alaska 1978), for its approval of a definition of possession that would exclude "a passing control, fleeting and shadowy in nature." However, that opinion also stated that "our holding does not insulate from prosecution those who seek to dispose of contraband upon discovering that the police are approaching." 588 P.2d 286. In our case, we find there was substantial evidence from which the judge, sitting as the jury, could find that the appellant picked up the sack of marijuana with the intent to exercise dominion, control, or management over it.

Indeed, the appellant admitted that he agreed to make the purchase but the seller threw the sack into the car and ran off before they "could trade any money for the dope." He also testified that he was "pretty sure" the sack contained marijuana and admitted in the statement he gave to the police that he threw the sack out of the car because he saw the police approaching.

Affirmed.

COOPER, J., dissents.

CORBIN, C.J., not participating.

JAMES R. COOPER, Judge, dissenting. I dissent because I believe there was insufficient evidence of possession in this case to support the appellant's conviction. "Possession" is defined as "[t]he detention and control, or the manual or ideal custody, of anything which may be the subject of property, for one's use and enjoyment. . . ." *Black's Law Dictionary* 1047 (5th ed. 1979). It has been held that criminal possession of an illicit drug requires more than a fleeting and shadowy control of a passing nature. *United States* v. *Landry*, 257 F.2d 425 (7th Cir. 1958); *State* v. *Williams*, 211 Neb. 650, 319 N.W.2d 748 (1982). In the present case, the appellant's act of "possession," which took the form of disposing of the marijuana, was the antithesis of detention, was both fleeting and shadowy in nature, and was in no sense directed at obtaining use and enjoyment of the substance.

I submit that the essential question in this case is whether the appellant exercised "actual dominion, control, or management" over the marijuana *before* he took steps to dispose of it. *See* Ark. Stat. Ann. § 41-115(15) (Repl. 1977); *Moreau* v. *State*, 588 P.2d 275 (Alaska 1978). Neither the appellant's statement nor any of the other evidence presented in this case demonstrates such an exercise of dominion and control. Under different circumstances it would be ludicrous to charge a person with possession of a controlled substance where the only evidence of possession was the immediate and unmistakeable disposal of unsolicited contraband. In this case, however, the appellant did state that he decided to purchase the marijuana when asked to do so, and I submit that his conviction was actually based on his stated, unconsummated intent to purchase. Nevertheless, the appellant was not charged with conspiracy or attempt, but rather with

actual possession of marijuana. I do not agree that the appellant's admission of his intent to purchase the marijuana is a circumstance from which one could conclude, without speculation or conjecture, that he actually exercised dominion and control over the contraband. I would reverse and dismiss.