James Wesley JOHNSON *v*. STATE of Arkansas

CR 91-41                                814 S.W.2d 908

Supreme Court of Arkansas
Opinion delivered September 9, 1991

*James P. Massie*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Jeff Vining*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, James Wesley Johnson, was tried and convicted by a Pulaski County jury for possession of a controlled substance with intent to deliver. He was sentenced as an habitual offender to serve sixty years imprisonment in the Arkansas Department of Correction. Johnson appeals contending that the evidence adduced at trial was insufficient to support the possession conviction. We affirm.

In considering appellant's sufficiency of the evidence argument, we consider only the evidence that is favorable to the state and supports the appellant's conviction. *Crossley* v. *State*,

304 Ark. 378, 802 S.W.2d 459 (1991). On December 29, 1989, the police went to the area of Thirteenth and Wolfe Streets in Little Rock to investigate an informant's tip about possible narcotic activity in the area. During the investigation, the police learned that a brown van parked in the alley behind Wolfe Street was a source of drug activity.

After locating the van, the police shined flashlights into the van's window, and observed a male and a female trying to hide themselves under a pile of clothes on the van's rear bench seat. Appellant was lying across the floorboard behind the van's front seats. The police observed the appellant pull a pistol out of his belt, wave it, and stick it under a seat cushion. After removing the van's occupants, the police recovered a folded piece of paper from the floorboard behind the front seats. The paper contained 2.562 grams of cocaine.

Two officers testified regarding appellant's position in relation to the spot where they found the paper. One officer testified that appellant was sitting on the paper. Another officer testified that appellant was lying across the paper. The officers also recovered two guns, "crack" pipes, and a pill bottle of Valium. Upon searching the appellant, the officers found a loaded gun clip in appellant's back pocket. The search did not reveal any drugs on the appellant's person.

At the close of the state's evidence appellant moved for a directed verdict of acquittal, claiming that the state's circumstantial evidence was not sufficient for the jury to conclude that he had committed the crime of possession. The motion was denied.

■ In determining whether there is sufficient evidence to support a jury verdict, we will affirm if there is substantial evidence to support the conviction. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988). Substantial evidence, whether direct or circumstantial, must be of sufficient force and character that it will, with reasonable and material certainty, compel a conclusion one way or the other. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). It must force or induce the mind beyond suspicion or conjecture, and a verdict should only have been directed where there was no evidence from which the jury could have found the defendant guilty without resorting to surmise and conjecture. *Id.* In order for circumstantial evidence to be sufficient to support a

finding of guilty in a criminal case, it must exclude every other *reasonable* hypothesis consistent with innocence. *Bennett v. State*, 297 Ark. 115, 759 S.W.2d 799 (1988). However, whether the evidence excludes every other reasonable hypothesis is for the finder of fact to determine. *Id*.

In the instant case, appellant argues that the state failed to prove possession because there was no direct evidence that the contraband belonged to appellant. He relies on the undisputed fact that the police did not find any drugs on his person at the time of his arrest.

Possession means "to exercise actual dominion, control, or management over a tangible object." *Turner* v. *State*, 24 Ark. App. 102, 103, 749 S.W.2d 339, 340 (1988). At appellant's trial, two officers testified that appellant was covering the contraband with his body immediately prior to his arrest. Viewing the evidence in the light most favorable to the state, the officers' testimonies are sufficient to establish that appellant exercised dominion or control over the contraband.

Accordingly, we hold that there is substantial evidence to support appellant's conviction.

Affirmed.