Myron Clay NELSON *v.* STATE of Arkansas

CA CR 03-270                                                    141 S.W.3d 900

Court of Appeals of Arkansas
Division IV
Opinion delivered January 21, 2004

[Petition for rehearing denied February 25, 2004.]

374

*William R. Simpson, Jr.*, Public Defender; and *Brandy Turner*, Deputy Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Myron Clay Nelson appeals his convictions for aggravated assault on a family or household member and felon in possession of a firearm after a bench trial in Pulaski County Circuit Court. The State also filed a petition to revoke appellant's probation in another case, and appellant agreed to

have this petition considered simultaneously with the bench trial. The trial judge found appellant guilty of the charges, and also found appellant to have violated the terms of his probation. The sentences given were run concurrently, effecting a six-year prison term. This appeal resulted. Appellant's counsel has filed a motion to be relieved as counsel and a no-merit brief with regard to the convictions and a merit-based brief regarding the revocation. Appellant was notified of his counsel's motion and brief but filed no pro se response. The State agrees with appellate counsel that there is no merit to any appeal of the convictions, but disagrees with appellate counsel that the revocation should be reversed. We affirm the convictions and revocation.

The basis for the assault and felon-in-possession charges was an incident that occurred in the home of appellant's parents, Simon and Delores Nelson, on December 8, 2001. Simon and appellant began arguing, appellant's three children were present, Delores believed that her son was intoxicated, a shotgun was brought out by one of the men, and Delores left the residence to call the sheriff's department.

Sheriff's deputies were dispatched. One of the deputies testified that Delores met him and his partner outside and told them that her son had a shotgun and was fighting with her husband. They talked to Simon, who stated to deputies that his son was "acting crazy," that appellant then retrieved a shotgun from a bedroom, and that then appellant pointed the shotgun at him and the children, but that he (Simon) was able to wrestle the gun away from appellant. A loaded twelve-gauge shotgun was recovered from the residence. Another deputy testified that appellant's parents were very upset.

Immediately thereafter, an incident report was prepared, commemorating their recollection of the event. Delores hand-wrote their statement, reiterating that appellant retrieved a shotgun from inside the house and threatened other family members with it. However, at the bench trial, their testimonies were that it was Simon, and not appellant, who had the gun at all times, and that somehow there had been a mistake in the written report following the incident. During the State's examination of Delores, the prosecutor moved to admit the written statement given to the police and asked if he could have Delores declared a hostile witness so that he could lead her during examination. The trial judge

permitted the request and admitted the report without objection from defense counsel. Appellant's prior felony record was admitted without objection.

Defense counsel moved for directed verdict on both charges based upon the parents' testimonies that appellant never had the gun. The motion was denied, the trial judge noting that the parents' statements dictated otherwise. Appellant then took the stand and testified that he and his father argued that day, that he had been drinking a little bit and was acting wild, but that he never had the gun. Renewed motions for directed verdict were denied.

The trial judge found that the parents' changed testimony was not credible, that their written statements following the incident were consistent with the deputies' testimony, and that appellant was guilty of both offenses. Given the guilty finding, the trial judge revoked appellant's probation. These appeals followed.

On the convictions, pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(j) of the Rules of the Arkansas Supreme Court and Court of Appeals, appellant's counsel has filed a motion to withdraw on the ground that this appeal is wholly without merit. The motion was accompanied by a brief purportedly discussing all matters in the record that might arguably support an appeal, including the adverse rulings, and a statement as to why counsel considers each point raised as incapable of supporting a meritorious appeal.

The only adverse rulings were the denials of his motions for directed verdicts. We test the sufficiency of the evidence to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *See* Ark. R. Crim. P. 33.1(b) (2003); *see also Green v. State*, 79 Ark. App. 297, 87 S.W.3d 814 (2002). We need only consider the evidence supporting the guilty verdict, and we view that evidence in the light most favorable to the State. *Id.* We examine all of the evidence, including any evidence that may have been admitted erroneously. *See Cook v. State*, 77 Ark. App. 20, 73 S.W.3d 1 (2002). Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Edmond v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003). Circumstantial evidence may provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any

other reasonable conclusion. *Id.* Credibility determinations are left to the fact-finder. *Elders v. State,* 321 Ark. 60, 900 S.W.2d 170 (1995).

■ Arkansas Code Annotated section 5-26-306 (Repl. 1997) defines aggravated assault on a family or household member as one who, under circumstances manifesting extreme indifference to the value of human life, purposely engages in conduct that creates a substantial danger of death or serious physical injury to a family or household member. "Family or household member" includes parents. Ark. Code Ann. § 5-26-302(3). Given that the State established to the satisfaction of the finder of fact that appellant indeed possessed the firearm and threatened family members with it prior to having the gun wrested from his grip, this evidence supports a conviction for that crime. This court does not weigh the evidence presented at trial, as that is a matter for the fact-finder; nor do we assess the credibility of the witnesses. *Howell v. State,* 350 Ark. 552, 89 S.W.3d 343 (2002).

■ We must point out that appellant's counsel failed to object to the use of the hearsay written report as substantive evidence of guilt, which is generally impermissible under Ark. R. Evid. 801(d)(1)(i). Failure to object on the part of defense counsel waived any error that might be predicated on an erroneous use of that information. *See Kennedy v. State,* 344 Ark. 433, 42 S.W.3d 407 (2001).[1] As we consider for sufficiency purposes all the evidence that was admitted properly or erroneously, we conclude that there is substantial evidence to support the conviction and that no meritorious argument could be raised on appeal.

■■ "Felon in possession of a firearm" as defined in Ark. Code Ann. § 5-73-103 (Supp. 1991) provides that no person shall possess or own any firearm who has been convicted of a felony. Appellant challenged the State's proof only as to actual possession of the gun. To possess means to exercise actual dominion, control, or management over a tangible object. Ark. Code Ann. § 5-1-

---

[1] In the *Kennedy* case, appellant argued on appeal that the trial judge erroneously permitted the State to use a prior inconsistent statement as substantive evidence of guilt and not just for impeachment, in violation of Ark. R. Evid. 801. The supreme court rejected that argument for failure to preserve the issue for appeal, though had he objected to using the statement for that purpose, "the trial court would have undoubtedly sustained the objection."

102(15) (Supp. 2001). Possession can be brief. *See Johnson v. State,* 306 Ark. 399, 814 S.W.2d 908 (1991); *Turner v. State,* 24 Ark. App. 102, 749 S.W.2d 339 (2000). Again, given the credibility determination made by the trial judge, and viewing all evidence received in the light most favorable to the State, there can be no meritorious argument on appeal that appellant did not possess the shotgun. The convictions are affirmed and counsel relieved.

We move now to the consideration of the merit-based argument presented on appeal regarding the revocation of appellant's probation. Appellant argues for the first time on appeal that the State failed to produce proof at the consolidated proceeding that a written list of probationary conditions was given to him, and that therefore no revocation could be had. Appellant argues that even though he is raising this for the first time on appeal, the sufficiency of the proof to revoke is nevertheless open for review.

Appellant cites *Barbee v. State,* 346 Ark. 185, 56 S.W.3d 370 (2001), for the proposition that defendants are not required to move for directed verdict in revocation proceedings in order to review the sufficiency of the evidence on appeal. Appellant asserts that because the State must provide defendants a written list of conditions of probation before one can be revoked for violation of a condition, *Zollicoffer v. State,* 55 Ark. App. 166, 934 S.W.2d 939 (1996), and because the State failed to put forth that proof at the revocation proceeding, there lacks sufficient evidence to support revocation. We disagree.

We acknowledge that the sufficiency of the State's proof as to violating a condition of probation may be challenged on appeal of a revocation in the absence of a directed-verdict motion. *See Barbee v. State, supra.* However, the rule requiring one to make procedural and evidentiary objections known to the trial court is still a viable rule of law. At no time did appellant raise this issue by pointing out to the trial court that he had not been furnished a written statement of his conditions or by objecting to the revocation hearing on that ground. In fact, appellant stipulated that the evidence put forth in the bench trial would serve as the State's basis to revoke his probation. This court will not consider issues raised for the first time on appeal. *Brown v. State,* 5 Ark. App. 181, 636 S.W.2d 286 (1982).

The reason for the statutory requirement in Ark. Code Ann. § 5-4-303 (Repl. 1997) that probationary conditions be given to probationers in writing is to avoid misunderstanding by the probationer. *Brewer v. State*, 274 Ark. 38, 621 S.W.2d 698 (1981). This requirement comports with due process; otherwise, the trial courts have no power to imply and then later revoke on conditions that were not expressly communicated in writing to the defendant. *Neely v. State*, 7 Ark. App. 238, 647 S.W.2d 473 (1983). This is not an issue of jurisdiction that can be raised at any time; it is instead a procedural issue that is waived by appellant's failure to raise it to the trial court. *See Banning v. State*, 22 Ark. App. 144, 737 S.W.2d 167 (1987); *Cavin v. State*, 11 Ark. App. 294, 669 S.W.2d 508 (1984); *Hawkins v. State*, 270 Ark. 1016, 607 S.W.2d 400 (Ark. App. 1980). In *Cavin v. State, supra*, Cavin challenged the revocation of his probation on appeal arguing (1) that there was insufficient evidence to revoke, and (2) that he was never given a written statement of conditions in compliance with the statutory mandate to do so. Our court rejected both contentions on appeal, the second because it was a procedural matter that appellant failed to object to at the proper time, waiving the issue for consideration on appeal. Failure to object at the proper time waives rights otherwise afforded to a criminal defendant. *Banning v. State, supra*; *Cavin v. State, supra*; *Hawkins v. State, supra*. Appellant has failed to provide any convincing argument or authority to support his contention that this procedural matter is equivalent to a challenge to the sufficiency of the evidence to support finding a violation of one of those written conditions, and we therefore affirm the revocation.

Appellant's convictions are affirmed and counsel relieved in the no-merit appeal. Appellant's revocation on appeal is likewise affirmed on the merits.

VAUGHT and CRABTREE, JJ., agree.