Dana WHITENER *v.* STATE of Arkansas

CA CR 06-106                                              241 S.W.3d 779

Court of Appeals of Arkansas
Opinion delivered October 25, 2006

*Killough Law Firm*, by: *Larry Killough, Jr.*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. The White County Circuit Court revoked the probation of Dana Whitener and sentenced her to five years in the Arkansas Department of Correction. The court ordered that three years of the sentence be suspended, and that she be transferred to the Regional Correction Facility for twenty-four months to participate in the drug program there. On appeal appellant argues that there was insufficient evidence to sustain a finding that she inexcusably violated the terms of her probation, because the terms and conditions of her probation were not introduced into evidence. The State responds that because the argument was not raised below, it is not preserved for appeal. We agree and affirm.

In August 2002, appellant entered into a plea bargain with the prosecution in the White County Circuit Court. As part of the negotiated plea, she pled guilty to a violation of the Arkansas Hot Check Law. She was placed on supervised probation for three years and ordered to pay a fine of $1000, restitution of $1056.29, and court costs of $150. Pursuant to Ark. Code Ann. § 5-4-303 (Repl. 2006), if a court suspends imposition of sentence on a defendant or places him or her on probation, the court shall attach such conditions as are reasonably necessary to assist the defendant in leading a law-abiding life. The statute further provides that every suspension or probation will contain the express condition that the defendant not commit an offense punishable by imprisonment during the period of suspension or probation. As required by statute, appellant was given a written copy of the terms and conditions of her probation which contained, among other requirements, the provision that she not commit a criminal offense punishable by imprisonment. She signed the acknowledgment of the terms and conditions on August 28, 2002, and a copy of the terms and conditions was made part of the court's file. A petition to revoke was filed on March 15, 2005, alleging that appellant violated the terms of her probation by her failure to report, delinquency on court ordered payments, failure to refrain from the use of illegal controlled substances, being out of state without permission, and being found guilty of driving under the influence and negligent minor care in the state of Nebraska and not reporting the offense to her probation officer. A hearing on the petition was held April 28, 2005.

At the hearing Mary Rudisill, a probation officer for White County, testified that she received a call from an officer in Nebraska informing her that appellant's transfer to that state was being denied due to new charges appellant received in Nebraska. Appellant was charged in Nebraska with driving under the influence and negligent minor care, and she was sentenced to ten days in jail, six months driver's license suspension and a $400 fine. Ms. Rudisill testified that appellant had completed her sentence in the state of Nebraska. Appellant testified that she did receive a DUI in Nebraska, and that her daughter was riding in the car with her when she was arrested. The court documents from Nebraska were admitted into evidence without objection.

Ms. Rudisill also testified that she performed a home visit at appellant's home, and appellant gave her permission to come inside. Appellant indicated to Ms. Rudisill the bedroom in which

she was staying, and on the nightstand in plain view was drug paraphernalia. A field test of a light bulb and plate revealed a positive result for methamphetamine. There was also a glass pipe, marijuana seeds in a plastic bag, three yellow tablets in a plastic bag, scrub pads, and a torch lighter. Ms. Rudisill testified that appellant tested positive for drugs on many occasions. During appellant's testimony she denied that the drug paraphernalia belonged to her, and she denied being on drugs; however, when escorted from the courtroom to take a drug test, she admitted that she would test positive for methamphetamine. Appellant's confession was admitted without objection. The trial court revoked appellant's probation, finding that there had been a violation of the terms of probation.

Appellant does not dispute the fact that she was on probation, rather she asserts that because the terms and conditions of her probation were not entered into evidence at the revocation hearing, the trial court had no legal basis for finding a violation. Although appellant raises this argument for the first time on appeal, she contends her argument is a challenge to the sufficiency of the evidence. The sufficiency of the evidence of the State's proof regarding violation of a condition of probation may be challenged on appeal of a revocation in the absence of a motion for directed-verdict. *Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001).

This court dealt with a similar issue in *Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004). In *Nelson*, the appellant argued for the first time on appeal that the State failed to produce proof at the hearing that a written list of probationary conditions was given to him, so no revocation could be had. He asserted that his argument was one about the sufficiency of the proof, so the issue was open for review despite being raised for the first time on appeal. We reasoned that "the rule requiring one to make procedural and evidentiary objections known to the trial court is still a viable rule of law. At no time did appellant raise this issue by pointing out to the trial court that he had not been furnished a written statement of his conditions or by objecting to the revocation hearing on that ground." *Id.* at 379, 141 S.W.3d at 904. We held that this was a procedural matter and appellant did not timely object; therefore, he waived the issue on appeal.

In the case at bar, appellant does not argue that the State failed to prove that *she* had knowledge of the terms and conditions of her probation; instead, she asserts that the State failed to prove that the court had knowledge of the terms and conditions

of her probation. Appellant's argument ignores the long-recognized presumption that every person is presumed to know the law, whether civil or criminal. *Owens v. State*, 354 Ark. 644, 128 S.W.3d 445 (2003). Indeed, a higher duty of compliance rests on those whose responsibility it is to enforce the law than on the general populace. *Harris v. State*, 264 Ark. 391, 572 S.W.2d 389 (1978). Because our statutory law requires that every probationary sentence contain the condition that the probationer not violate the law, and because everyone is presumed to know the law, it was not necessary for the State to introduce into evidence the probationary condition that appellant not violate the law. There was testimony from appellant's probation officer and from appellant herself that she was convicted and served jail time in Nebraska for driving under the influence. There was also testimony that appellant was in possession of drug paraphernalia during the probation officer's home visit, and appellant admitted at the hearing that she would test positive for methamphetamine. Appellant's argument that the terms and conditions of probation were not introduced into evidence amounts to a procedural objection, and appellant did not raise this issue at the revocation hearing. This court will not consider issues raised for the first time on appeal. *Brown v. State*, 5 Ark. App. 181, 636 S.W.2d 286 (1982).

■ Appellant also argues that the court's findings supporting the revocation of her probation are against the preponderance of the evidence because there was no proof that the violation was "inexcusable" as required by Ark. Code Ann. § 5-4-309(d) (Repl. 2006). Appellant testified that she was convicted in Nebraska of DUI, and she also confessed to using methamphetamine. She offered no excuse for her behavior. The preponderance of the evidence supports the court's finding that appellant violated the terms and conditions of her probation. Accordingly, we affirm.

Affirmed.

ROBBINS, BIRD, BAKER, and ROAF, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. The majority has misapplied precedent regarding probation-revocation proceedings in affirming this case. Appellant did not fail to preserve her sufficiency challenge for appellate review. However, the State

failed to prove an essential element of its case. The decision announced today now compounds that error. Accordingly, I must respectfully dissent.

The majority acknowledges that it is unnecessary for a probationer to move for directed verdict or otherwise challenge the sufficiency of the evidence at trial to preserve the sufficiency argument for appellate review in a probation-revocation proceeding. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001); *Brown v. State*, 85 Ark. App. 382, 155 S.W.3d 22 (2004). Nevertheless, my colleagues fail to recognize that this is, indeed, a sufficiency challenge. Instead, they erroneously rely on *Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004). There, the appellant argued that his revocation should have been reversed due to the State's failure to present proof that he received the written list of probation conditions. The appellant in *Nelson* acknowledged that he was bringing this argument for the first time on appeal, but argued that he was challenging the sufficiency of the evidence to revoke the probation, which was open for review. This court noted that the requirement that probationary conditions be given to the probationer was in place to avoid any misunderstandings by the probationer. It continued by holding that the requirement was a procedural issue, *not a sufficiency issue*, and was waived by the appellant's failure to raise it to the trial court.

The issue presented in *Nelson*, however, is easily distinguished from the issue in the present case. Here, appellant is arguing that the State did not prove what the probation conditions were; thus, the trial court did not have proof sufficient to support a decision that her actions violated those conditions. This is plainly different from a claim that appellant did not know the terms and conditions of her probation. *Nelson* is inapplicable here. Appellant's challenge is still a challenge to the sufficiency of the evidence, and no motion was necessary below to preserve the issue before this court.

The majority states, "Because our statutory law requires that every probationary sentence contain the condition that the probationer not violate the law, and because everyone is presumed to know the law, it was not necessary for the State to introduce into evidence the probationary condition that appellant not violate the law." This statement is contrary to the result in *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980). There, the trial court revoked the appellant's suspended sentence after the appellant committed battery and aggravated assault. The supreme court reversed the

revocation because the trial court failed to expressly condition the suspended sentence on good behavior. The State argued that "good behavior is an implied condition of every suspension and need not be expressed in writing or otherwise since a person should be presumed to know that his suspended sentence is contingent upon his refraining from criminal conduct." *Id.* at 190–91, 594 S.W.2d 852. In rejecting the argument, the supreme court stated:

> [C]ourts have no power to imply and subsequently revoke conditions which were not expressly communicated in writing to a defendant as a condition of his suspended sentence. This result not only comports with any due process requirements owed to a defendant upon the imposition of a suspended sentence but may serve to deter criminal conduct which a defendant might otherwise commit but for a full appreciation of the extent of his jeopardy.

*Id.* at 191, 594 S.W.2d at 853.

Not only does *Ross* run counter to the majority's reasoning, it explicitly holds that a probationer must violate an actual term of his or her probation before that probation can be revoked. Here, the State presented no evidence of the terms and conditions of appellant's probation; therefore, the trial court had no evidence upon which it could find that appellant violated one of those terms.

We may institutionally "know" that the terms and conditions of probation typically include the obligation not to do certain acts. However, just as the State must prove each element of a crime before an accused can be convicted, the State must prove every element of a probation violation before a court can revoke a probation. A trial court cannot revoke a probation absent specific evidence of the terms and conditions of that probation, even if appellate judges "know" that certain behavior violates usual probationary terms. If the State fails to prove an essential element of its case, our proper duty is to say so and reverse, not manufacture devices whereby an unproved case can be affirmed.

Persons who face the loss of their liberty based on accusations of violating the terms and conditions of their probationary sentences are entitled to the same standard of justice that the law provides other litigants. The prosecution has the burden of proving each and every element of the offense, even when the standard of proof is by a preponderance of the evidence. Failure to prove

the terms and conditions of probation is fatal to the prosecution's case. The decision announced by the majority excuses the defect in this case. Furthermore, by doing so the majority unwisely and unfairly signals to prosecutors, defense counsel, and trial judges that institutional "knowledge" can substitute for proof in probation-revocation proceedings. Because the State failed to meet its burden in this case, I respectfully dissent.