SLIP OPINION  Cite as 2014 Ark. App. 656

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–545

| | | |
|---|---|---|
| | | **Opinion Delivered** November 19, 2014 |
| EMMANUEL PERSON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. CR-09-3092] |
| | | HONORABLE BARRY SIMS, JUDGE |
| STATE OF ARKANSAS | APPELLEE | AFFIRMED |

## ROBIN F. WYNNE, Judge

Emmanuel Person appeals from the Pulaski County Circuit Court's revocation of his probation. He argues on appeal that the trial court erred by denying his motion to dismiss the revocation petition because the State failed to prove that he knew of and was provided a written copy of his conditions of probation. We affirm.

In November 2009, appellant pled guilty to a charge of theft by receiving and was sentenced to forty-eight months' probation. His probation was later revoked and, in a judgment and disposition order entered on November 17, 2010, he was sentenced to seventy-two months' probation. Among the terms and conditions of his new period of probation was a requirement that he report to his probation officer once each month.

On October 4, 2013, the State filed a petition to revoke appellant's probation alleging, among other things, that he failed to report to his probation officer as ordered and had last

reported on March 27, 2012. At the hearing on the petition, Michael Washington, Jr., a probation officer who was assigned to appellant's case on August 5, 2013, testified that appellant had last reported to the probation office in March 2012. The written terms and conditions of appellant's probation were not entered into evidence at the hearing. After the State rested, appellant made a motion to dismiss the revocation petition, which was denied by the trial court. This appeal followed.

Our standard of review in revocation cases is well settled. Because the burden of proof in a revocation proceeding is less than that required to convict in a criminal trial, evidence that is insufficient for a conviction may be sufficient for a revocation. *Reyes v. State*, 2012 Ark. App. 358. When the sufficiency of the evidence is challenged on appeal, we will not reverse a trial court's decision to revoke unless its findings are clearly against the preponderance of the evidence. *Id*. Because the determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the trial court to decide these matters. *Collier v. State*, 2013 Ark. App. 643, at 2–3.

Appellant contends on appeal that the trial court should have granted his motion to dismiss the revocation petition because the State failed to prove that he knew of and was provided a written copy of the terms and conditions of his probation. The transcript and abstract of the hearing show that appellant argued at the hearing that Mr. Washington testified to appellant's failure to report without personal knowledge of any failures and that the November 17, 2010 order had not been introduced and was not before the trial court. There

SLIP OPINION

is no indication that appellant argued at the hearing that there was a lack of proof that he was provided with a copy of his terms and conditions; thus the argument is being made for the first time on appeal. We have previously held that this argument is not one that may be made for the first time on appeal. *Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004). Therefore, we cannot consider this argument on appeal.

To the extent appellant's argument is that the State failed to prove that he was aware of the conditions of his probation, this argument lacks merit. Mr. Washington testified that he looked at the terms-and-conditions form prior to the hearing and was "pretty sure" that appellant signed it. Indeed, a signed copy of the terms-and-conditions form is in the record, and the written terms and conditions are not required to be introduced at a revocation hearing. *See Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40. Also, the testimony was not that appellant never reported to his probation officer; instead, the testimony was that he stopped reporting after March 27, 2012, indicating that he was aware of the reporting requirement. *See Givan v. State*, 2013 Ark. App. 701, at 6. There was evidence before the trial court at the hearing that appellant was aware of his reporting requirement.

Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.

*William R. Simpson, Jr.*, Public Defender, and *K.C. Crause*, Deputy Public Defender, by: *Margaret Egan*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Laura Shue*, Ass't Att'y Gen., for appellee.