

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-14-296

|  |  |
|---|---|
| MARLON TRAMAIN MYERS<br>APPELLANT | **Opinion Delivered** December 17, 2014 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. CR-09-1011] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
|  | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Marlon Myers attempts to challenge the sufficiency of the evidence supporting the revocation of his suspended imposition of sentence. Because we conclude that his arguments are not preserved for appeal, we affirm.

Myers entered a plea of guilty to one count of first-degree domestic battery and was sentenced to six years' imprisonment followed by fourteen years' suspended imposition of sentence (SIS). Among the terms and conditions of his SIS were that he not violate any federal, state, or municipal law, and pay a $100 public-defender fee. The State subsequently filed a petition to revoke Myers's SIS, alleging that he had committed new criminal offenses and failed to pay his court-ordered monetary obligations.

At a revocation hearing, the State introduced certified copies of Myers's convictions for second-offense driving while intoxicated and driving on a suspended license; in addition, the State introduced a case profile from Myers's domestic-battery file, showing a balance of fines and costs in the amount of $1,640 and a public-defender-fee balance of $100. The State then rested, and Myers moved for a directed verdict, which the circuit court denied. Myers then testified and admitted to having pled guilty to the DWI count.

At the conclusion of the hearing, Myers's counsel argued for a more lenient sentence but acknowledged that Myers's suspended sentence for domestic battery would exclude him from several programs, such as drug court or a regional correctional facility. The circuit court found that Myers had violated the terms of his suspended sentence, revoked his SIS, and sentenced him to four years in the Arkansas Department of Correction, followed by another ten years' SIS.

On appeal, Myers raises three separate arguments, asserting that the circuit court erred by not directing a verdict because (1) the State failed to present any evidence that Myers was subject to a suspended imposition of sentence; (2) the State failed to present any evidence that Myers was subject to the terms and conditions of a suspended sentence; and (3) the State failed to present any evidence that Myers had been given a copy of the terms and conditions of a suspended sentence. None of these arguments are preserved for appellate review.

Myers's first two points address the State's failure to introduce a copy of the terms and conditions of his SIS. He urges that the only evidence offered by the State was evidence of his DWI-related convictions and his failure to pay his fines and public-defender fee. He

asserts that the State failed to introduce a copy of the terms and conditions of his SIS in order to prove that he was subject to a SIS or to prove the requirements of the terms and conditions of the SIS. Thus, Myers contends that there was insufficient evidence on which the circuit court could revoke his SIS.

Myers couches his argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal in an appeal of a revocation in the absence of a motion for directed verdict. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). This court, however, has held that an argument that the State failed to introduce a copy of the terms and conditions of a suspended sentence is a procedural objection that must be raised before the circuit court. *Cotta v. State*, 2013 Ark. App. 117; *Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006). Myers never objected to the State's failure to introduce the terms and conditions of his suspended sentence. Under *Cotta* and *Whitener*, therefore, Myers's first two arguments are not preserved for appeal.

Myers's third point on appeal is that, because the State failed to introduce evidence showing that he was given a copy of the terms and conditions of his SIS, the circuit court was "foreclos[ed] from knowing what terms and conditions Myers was to follow." Myers urges that this specific argument is not a procedural argument but is, instead, a challenge to the sufficiency of the evidence and thus distinguishable from *Cotta*, *supra*.

This same argument, however, was rejected in *Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004). There, the appellant argued that the State failed to produce proof at the revocation hearing that a written list of probationary conditions had ever been given to him,

and that his probation therefore could not be revoked. This court disagreed, noting that Nelson had never raised the issue by pointing out to the trial court that he had not been furnished a written statement of his conditions or by objecting to the revocation hearing on that ground. *Nelson*, 84 Ark. App. at 379, 141 S.W.3d at 904. The court explained as follows:

> The reason for the statutory requirement in Ark. Code Ann. § 5-4-303 (Repl. 1997) that probationary conditions be given to probationers in writing is to avoid misunderstanding by the probationer. This requirement comports with due process; otherwise, the trial courts have no power to imply and then later revoke on conditions that were not expressly communicated in writing to the defendant. This is not an issue of jurisdiction that can be raised at any time; it is instead a procedural issue that is waived by appellant's failure to raise it to the trial court.

*Id.* at 380, 141 S.W.3d at 904–05 (internal citations omitted). Accordingly, because Myers did not object on this basis at his revocation hearing, his arguments are not preserved for appeal.

Myers nonetheless argues in his reply brief that, in *Scroggins v. State*, 2012 Ark. App. 87, at 6, 389 S.W.3d 40, 44, this court called the introduction of the actual terms and conditions of probation "to be something of a procedural/sufficiency hybrid." There, the court considered the merits of Scroggins's challenge to the State's failure to introduce the terms and conditions of his probation, even though he had not raised that specific argument below. Myers thus contends that we should address the merits of his argument.

We disagree, and we take this opportunity to note that *Scroggins* is the only reported Arkansas case that utilizes the "procedural/sufficiency hybrid" language. That case was also limited to its specific facts, in that the revocation of Scroggins's probation was based on his failure to pay fines, fees, costs, and restitution. *Nelson*, *Whitener*, and *Cotta* all involved

4

revocations based on violations of law; as the court pointed out in *Whitener*, "[b]ecause our statutory law requires that every probationary sentence contain the condition that the probationer not violate the law, and because everyone is presumed to know the law, it was not necessary for the State to introduce into evidence the probationary condition that appellant not violate the law." *Whitener*, 96 Ark. App. at 357, 241 S.W.3d at 782; *see also Costes v. State*, 103 Ark. App. 171, 175, 287 S.W.3d 639, 642 (2008) ("Whether there is proof that a probationer received written conditions of probation is a procedural matter, and not one of the sufficiency of the evidence, because the purpose of providing the conditions in writing is to prevent confusion on the probationer's part.").

*Scroggins* is thus somewhat of an outlier in our jurisprudence, and it is clearly not applicable to the instant case. We therefore reject Myers's argument and conclude that his argument is not preserved for appeal.

Affirmed.

GLADWIN, C.J., and HIXSON, J., agree.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., and *Trae Norton*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, Deputy Att'y Gen., for appellee.