

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR–17–14

STEVEN WAYNE WHEELER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** October 25, 2017

APPEAL FROM THE SALINE
COUNTY CIRCUIT COURT
[NO. 63CR–15–468]

HONORABLE GARY ARNOLD,
JUDGE

AFFIRMED

## RITA W. GRUBER, Chief Judge

Steven Wheeler pleaded nolo contendere to two counts of residential burglary. He received 120 months' probation by sentencing order of the Saline County Circuit Court, entered on April 5, 2016. On September 1, 2016, the State filed a petition to revoke, alleging that Wheeler had violated conditions because during probation he had been sanctioned for failure to report and for drug use and that he had not complied with conditions of probation regarding new charges,[1] supervision fees, and fines and costs. At his revocation hearing, Wheeler testified, "Yeah, I was drinking during that time. I'm clearly in violation of probation on the felony count. I'm a felony drunk. I'm a dope head, and I'm in recovery." The circuit court ruled from the bench that Wheeler "violated

---

[1]The petition alleged that Wheeler had been arrested on April 9 for third-degree domestic battery and had been charged on May 19 with second-degree domestic battery.

probation based upon the offenses that he committed subsequent to being placed on probation . . . and also based on his own testimony, he was drinking while he was on probation." The court granted the State's petition to revoke and sentenced Wheeler as a habitual offender to 120 months' imprisonment in the Arkansas Department of Correction. He appeals from the resultant sentencing order.

Wheeler raises one point on appeal, contending that his revocation should be reversed because the State did not prove the conditions of his probation. He acknowledges that he admitted violating probation, but he argues that the State never provided him with written conditions of probation.

Whether there is proof that a probationer received written conditions of probation is a procedural matter—not a matter of the sufficiency of the evidence—because the purpose of providing the conditions in writing is to prevent confusion on the probationer's part. *Costes v. State*, 103 Ark. App. 171, 175, 287 S.W.3d 639, 643 (2008); *Myers v. State*, 2014 Ark. App. 720, at 4, 451 S.W.3d 588, 590 (rejecting appellant's argument that there was insufficient evidence to revoke his suspended imposition of sentence (SIS) because the State did not introduce terms and conditions of his SIS to prove that he was subject to an SIS or to prove its terms and conditions). The requirement that the conditions be given to probationers comports with due process; otherwise, circuit courts would have no power to imply and later revoke on conditions that were not expressly communicated in writing to the defendant. *Nelson v. State*, 84 Ark. App. 373, 380, 141 S.W.3d 900, 905 (2004). It is a procedural issue that is waived by appellant's failure to raise it to the circuit court. *Id.*

Wheeler's only argument for reversal—that the State did not introduce the written conditions and terms of probation—is a procedural matter that was not raised to the circuit court. The issue is therefore not preserved for our review, and we affirm the revocation of probation.

Affirmed.

WHITEAKER and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.