LARRY D. VAUGHT, Judge
Jessica Vangilder appeals the Faulkner County Circuit Court's order revoking her probation.[1] We affirm in part and reverse in part.
On April 12, 2017, Vangilder pled guilty to violating Arkansas Code Annotated section 5-64-419(b)(1)(A), possession of a controlled substance; section 5-64-443(a)(2), possession of drug paraphernalia; and section 5-35-103(b)(4)(A), theft of property. She was sentenced to probation. On May 10, 2017, the State filed a revocation petition alleging that Vangilder violated the terms and conditions of her probation by failing to report, failing to pay fines and fees, and failing to abstain from illegal substances.
The Faulkner County Circuit Court held a bench trial on June 23, 2017. The State's sole witness was probation officer Stephanie Turner, who testified that Vangilder failed to report to the probation office on May 4, and May 9, 2017; owed $490 in unpaid supervision fees and $1,345 in unpaid fines and costs; had not completed her community service obligations; and had failed an alcohol screen on April 27, 2017. The defense called no witnesses.
*415 At the conclusion of the bench trial, the court revoked Vangilder's probation, stating,
CR-17-41, she had two counts. The Theft of Property was disposed of, I think, in the first case. She did two months in the County Jail. On the Class D felonies to which she pled guilty to probation in that case, I'm going to sentence her to an additional 36 months in the Arkansas Department of Corrections, and those two sentences will run consecutively.
The court's statement references the fact that Vangilder was originally sentenced to two months in the county jail on the theft-of-property charge with no probation. The original order also reflected a jail-time credit of eighty-six days, meaning that Vangilder had fully served her sentence on that charge at the time of the original sentencing order.
Despite the court's verbal pronouncement, its subsequently filed order imposed two thirty-six-month sentences on the two underlying felonies and twelve months on the theft-of-property misdemeanor. Vangilder filed a timely appeal.
Pursuant to Arkansas Code Annotated section 16-93-308(d) (Repl. 2017), a circuit court may revoke a defendant's probation at any time prior to the expiration of the period of probation if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation. Springs v. State , 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492. "Thus, to sustain a revocation, the State need show only that the defendant committed one violation." Id. , 525 S.W.3d at 492. The State's burden of proof in a revocation proceeding is less than is required to convict in a criminal trial, and evidence that is insufficient for a conviction thus may be sufficient for a revocation. Id. , 525 S.W.3d at 492. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. McClain v. State , 2016 Ark. App. 205, at 3, 489 S.W.3d 179, 181. Appellate courts review the sufficiency of the evidence supporting revocation by viewing the evidence in the light most favorable to the State. Sisk v. State , 81 Ark. App. 276, 280, 101 S.W.3d 248, 251 (2003). This court defers to the circuit court's superior position in evaluating the credibility and weight to be given testimony. Peals v. State , 2015 Ark. App. 1, at 4, 453 S.W.3d 151, 154. Finally, only one violation of probation is required to sustain a revocation. Springs v. State , 2017 Ark. App. 364, at 3, 525 S.W.3d 490, 492.
Vangilder argues that the State failed to introduce the terms and conditions of her probation and failed to prove that she was aware of them. This issue is unpreserved for our review because Vangilder never made a motion to dismiss or otherwise raised this argument at trial. While it is true that, when appealing a revocation, an appellant may challenge the sufficiency of evidence for the first time on appeal without having moved for a directed verdict, Cotta v. State , 2013 Ark. App. 117, at 3, 2013 WL 625735, we will not address a procedural challenge unless it was adequately preserved below. Costes v. State , 103 Ark. App. 171, 175, 287 S.W.3d 639, 643 (2008). "[A]n argument that the State failed to introduce a copy of the terms and conditions of a [probation] is a procedural objection that must be raised before the circuit court." Myers v. State , 2014 Ark. App 720, at 3, 451 S.W.3d 588, 590. An appellant cannot raise this procedural argument for the first time on appeal when, at the revocation hearing, he or she did not object to the State's failure to introduce the terms and conditions of his *416 or her probation. Cotta , 2013 Ark. App. 117, at 4. Probation conditions are not an element to be proved at the revocation hearing. Whitener v. State , 96 Ark. App. 354, 356, 241 S.W.3d 779, 781 (2006). We previously addressed this specific issue in Cotta , holding that "Cotta never objected to the State's failure to introduce the terms and conditions of his suspended sentence before the trial court. Under Whitener and Costes , Cotta's argument is not preserved for appeal." Cotta , 2013 Ark. App. 117, at 4. For the same reason, we cannot address Vangilder's argument that the State failed to introduce the terms and conditions of her probation into evidence.
Alternatively, we note that Turner's testimony was sufficient to establish the terms and conditions of Vangilder's probation. Turner testified as to Vangilder's previous revocations, noted that an administrative officer had gone over the terms and conditions with Vangilder, and stated that signed copies of those documents were in her file.
Vangilder next challenges the sufficiency of the evidence as to each of the court's findings that she violated the terms and conditions of her probation: she failed to report, tested positive for alcohol, failed to complete community service, and failed to pay her court-ordered obligations. The State need only prove one violation of probation to sustain a revocation. Springs , 2017 Ark. App. 364, at 3, 525 S.W.3d at 492. In this case, Turner testified that Vangilder was instructed to report on May 4, 2017, but failed to do so. Two officers then conducted a home visit on May 8, 2017, and left instructions for Vangilder to report the following day. She again failed to report to the probation office. Turner testified that, as of the date of the hearing, she had received no contact from Vangilder since April 27, 2017. Vangilder's only argument on appeal related to her failure to report is that the State failed to prove that she was aware of her obligation to report on the specified dates. We disagree. Turner's testimony established that Vangilder had been informed of the terms and conditions of her probation, including the reporting requirement, that she had failed to report at least twice, and that despite phone calls and a home visit, Vangilder made no contact with the probation office. We affirm the court's finding that Vangilder violated the terms and conditions of her probation by failing to report, and we therefore need not address any other grounds for revocation. Springs , 2017 Ark. App. 364, at 3, 525 S.W.3d at 492.
Vangilder next argues that her sentence is illegal. She makes two points: (1) that she was sentenced on the theft-of-property misdemeanor for which she had already fully served her time, and (2) the court's pronouncement from the bench indicated that she would receive one thirty-six-month sentence for the two felonies, but the written sentencing order sentenced her to thirty-six months on each felony. Her second point has no merit; when there is a discrepancy between the judgment and commitment order and the pronouncement of sentence, it is the entered judgment and commitment order that controls. Vance v. State , 2011 Ark. 243, at 35, 383 S.W.3d 325, 347.
Her first point, however, warrants reversal of the revocation of her probation as to her misdemeanor theft-of-property charge. The original sentencing order sentenced Vangilder to two months in the county jail for theft of property and reflected a jail-time credit of eighty-six days, meaning that Vangilder had already served her sentence as to that charge. At the end of the revocation hearing, the court acknowledged as much, stating from *417 the bench that the theft-of-property charge had been "disposed of" in the original case because "she did two months." Yet the court's subsequent written sentencing order imposed a sentence of twelve months' imprisonment for the theft-of-property misdemeanor. Vangilder cites Massey v. State , 278 Ark. 625, 648 S.W.2d 52 (1983) ; Davis v. State , 169 Ark. 932, 277 S.W. 5 (1925) ; and Nelson v. State , 284 Ark. 156, 680 S.W.2d 91 (1984), for the proposition that a circuit court lacks jurisdiction to modify a sentence that has already been executed. We agree and reverse the court's revocation order as to the theft-of-property charge. Because Vangilder was not serving probation on the theft misdemeanor, the court had no authority to enter a revocation order as to that charge.
Affirmed in part; reversed in part.
Abramson and Glover, JJ., agree.

This is a companion case to Vangilder v. State , 2018 Ark. App. 384, also decided today.