Cite as 2020 Ark. App. 492

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-20-104

|  |  |
|---|---|
| | **Opinion Delivered** October 28, 2020 |
| BOBBY EARL RICHARD | |
| APPELLANT | APPEAL FROM THE DESHA COUNTY CIRCUIT COURT [NO. 21CR-13-2] |
| V. | |
| | HONORABLE SAM POPE, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

The Desha County Circuit Court revoked Bobby Earl Richard's suspended imposition of sentence (SIS), and Richard has appealed that decision. He argues that the State failed to prove that he had read, signed, and received a copy of the conditions of his SIS. We affirm.

In January 2013, Richard was charged with aggravated assault and first-degree terroristic threatening. Richard entered a no-contest plea in February 2016 and was sentenced to five years' SIS on each charge, to run concurrently. At the plea hearing, Richard verbally agreed that he had read and understood the conditions of his SIS, and the circuit court advised him to "[g]et you a copy of them before you leave—the Clerk will have them in his office—so that you will have a record of that."

On 12 February 2019, the State petitioned to revoke Richard's SIS, asserting that on 6 December and 7 December 2018, Richard had committed the offenses of driving while

intoxicated (DWI), refusal to submit, resisting arrest, and disorderly conduct. On 21 October 2019, the circuit court convened a revocation hearing. At the hearing's beginning, the State asked the court to take judicial notice of "the contents of Mr. Richard's suspended sentence, conditions of the suspended sentence." The court agreed and stated:

> The record in this case reflects a no contest plea statement on February 2nd, 2016, to a charge of aggravated assault and first degree terroristic threatening. The recommendation from the State, a year in the county jail and sixty months suspended imposition of sentence and jail time credit of three hundred and sixty-five days be granted.
>
> The record reflects that is the sentence imposed by the Court and that the Court imposed conditions of suspended imposition of sentence the same day with condition number one being not committing any felony, misdemeanor or other criminal offense punishable by confinement in jail or prison; also not to use alcoholic beverages, condition number five.

The court heard testimony from several police officers about the DWI arrests and from Richard, who was questioned about his SIS conditions. He claimed that he had only recently been told by his parole officer that he was not supposed to drink alcohol, but when shown a copy of his SIS conditions that include a provision not to use alcohol, Richard acknowledged his signature on the document. The court found that Richard had violated the conditions of his SIS and sentenced him to five years' imprisonment on each charge, to run concurrently. Richard appeals the revocation.

A circuit court may revoke a defendant's probation or suspension at any time prior to the expiration of the period of probation or suspension if it finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of the probation or suspension. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490; Ark. Code Ann. § 16-93-308(d) (Repl. 2017). The State's burden of proof in a revocation proceeding

is less than is required to convict in a criminal trial; and evidence that is insufficient to support a conviction may be enough for a revocation. *Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413. When the sufficiency of the evidence is challenged on appeal from an order of revocation, the circuit court's decision will not be reversed unless its findings are clearly against the preponderance of the evidence. *McClain v. State*, 2016 Ark. App. 205, 489 S.W.3d 179.

Richard's only point here is that the State failed to prove that he had read, knowingly signed, and received a copy of the SIS conditions. This issue is not preserved for our review because Richard failed to raise this argument at trial. While an appellant may challenge the sufficiency of the evidence for the first time on appeal in a revocation case without having moved for a directed verdict, *Cotta v. State*, 2013 Ark. App. 117, we will not address a procedural challenge unless it was adequately preserved below. *Costes v. State*, 103 Ark. App. 171, 287 S.W.3d 639 (2008). An argument that a defendant did not have knowledge of or receive a copy of his conditions of SIS is a procedural argument that must be raised to the circuit court. *See Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004) (holding that the defendant waived appellate review of his claim that evidence was insufficient to support revocation of his probation due to the state's failure to produce proof that a written list of probationary conditions was given to him, where defendant did not raise the issue to the circuit court). Richard did not argue during the revocation hearing that he had not been furnished a written statement of his conditions; nor did he object to the revocation hearing itself on that ground. This court will not address an issue raised for the first time on appeal. *Nelson*, *supra*. We therefore affirm the circuit court's revocation.

Affirmed.

SWITZER and WHITEAKER, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.