Cite as 2021 Ark. App. 480

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR–21–320

| | |
|---|---|
| DEVARIO RASHAWN PASKELL<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** December 8, 2021<br><br>APPEAL FROM THE ASHLEY<br>COUNTY CIRCUIT COURT<br>[NO. 02CR-17-170]<br><br>HONORABLE ROBERT B.<br>GIBSON III, JUDGE<br><br>AFFIRMED |

## BRANDON J. HARRISON, Chief Judge

In February 2018, Devario Paskell pleaded guilty to residential burglary and third-degree battery. The Ashley County Circuit Court sentenced him as a habitual offender to three years in the Arkansas Department of Correction (ADC) followed by two years' suspended imposition of sentence (SIS) for the residential-burglary conviction.[1] Paskell's written SIS conditions included not committing any new criminal offenses. In December 2020, the State petitioned to revoke Paskell's SIS. It alleged that Paskell had violated the terms of his suspended sentence by committing new criminal offenses, specifically "entering into vehicles for the purposes of committing a theft at three separate locations" in Ashley County. Following a hearing, the circuit court revoked Paskell's suspended sentence and sentenced him to fifteen years in the ADC. Paskell appeals.

---

[1]The court also imposed a one-year concurrent sentence for the third-degree-battery conviction.

For his sole point on appeal, Paskell argues that the State failed to meet its burden to prove that he violated the terms and conditions of his suspended sentence because it failed to place the SIS terms into evidence. The State contends that Paskell's argument was not properly preserved because he never made this argument to the circuit court. We agree.

Challenges to the sufficiency of the evidence may, generally speaking, be raised for the first time in an appeal of a revocation. *Myers v. State*, 2014 Ark. App. 720, 451 S.W.3d 588. This court has held, however, that the State's failure to introduce a copy of the terms and conditions of a suspended sentence is a procedural objection that must be raised in the circuit court. *Butry-Weston v. State*, 2021 Ark. App. 51, 616 S.W.3d 685. Here, a copy of the terms of Paskell's suspended sentence was included in the record, but the prosecuting attorney did not move to introduce it as evidence during the revocation hearing, so the court did not admit it. Because Paskell never objected to the State's failure to introduce a copy of the SIS terms during the hearing, his argument is not preserved for our review.

Affirmed.

VAUGHT and BROWN, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.