DAVID M. GLOVER, Judge
Roy Justus appeals from the revocation of his suspended imposition of sentence. For his sole point of appeal Justus contends the State failed to meet its burden of proof because there was no evidence of the terms and conditions he was alleged to have violated. We affirm.
Justus pleaded guilty to the underlying offenses of breaking or entering and theft of property on April 24, 2013. On the breaking-or-entering offense, a Class D felony, he received sixty months' suspended imposition of sentence. On the misdemeanor theft-of-property offense, he received twelve months' suspended imposition of sentence.
The State filed a petition to revoke on January 14, 2014, based on Justus being charged with the commission of new offenses. The petition was withdrawn, however, upon Justus pleading guilty to the new offenses. On October 13, 2017, and amended on January 31, 2018 (to change a date regarding restitution payments and to add the new offense of first-degree battery), the State filed the petition to revoke that was heard on January 31, 2018, and resulted in the revocation Justus now appeals.
At the January 31, 2018 revocation hearing, Lisa Whetstine, a fine and restitution coordinator with the prosecutor's office, *800 testified Justus was to begin paying $ 55 a month for restitution on May 24, 2013. She explained his last payment was made July 23, 2013.
Felicia White, Justus's ex-girlfriend, testified that on the night of October 19, 2017, she went to meet him at Lee Creek Park in Van Buren. She stated he did not "appear in the right state of mind"; "he was acting a little bit off." She said the meeting was not peaceful; they started arguing; she was trying to get away from him; he pulled a knife; and he cut her on her wrist. She acknowledged she met him down at the riverfront looking for some drugs. According to her, he cut her on both wrists, and it all happened quickly. She identified State's exhibit 1 as a photo showing the cut on her right hand. Felicia stated she went to the hospital that night, got her mom to go with her, and filed a police report and charges. She then testified, "[T]hey stitched [her] up at the hospital"; her wound has fully healed; and she has a two-inch scar from the cut but suffers no further disability from the injury.
The State rested and Justus moved to dismiss, arguing the State had not made a prima facie case that he had violated the terms and conditions of his suspended sentence. The trial court denied the motion and found Justus had violated his terms and conditions. The trial court accepted the prosecutor's recommendations and sentenced Justus to six years in the Arkansas Department of Correction, with four years suspended. This appeal followed.
For his sole point of appeal, Justus contends the trial court erred in denying his motion to dismiss because the State did not meet its burden of proving he had violated the terms and conditions of his suspended sentence. More precisely, he now contends on appeal the burden was not satisfied because the State did not introduce the terms and conditions. The argument was not properly preserved for appeal.
In moving to dismiss, Justus argued: "Judge, we just move to dismiss, argue the State's not made a prima facie case that he's violated terms and conditions of his suspended sentence." The trial court denied the motion. Although Justus argues in this appeal that the State did not meet its burden because it did not present evidence of the terms and conditions of his suspended sentence, this is not what he argued below. The argument he raises here is a procedural argument rather than a sufficiency challenge, and it must be raised at trial in order to preserve the argument for appeal. See, e.g. , Myers v. State , 2014 Ark. App. 720, 451 S.W.3d 588 ; Whitener v. State , 96 Ark. App. 354, 241 S.W.3d 779 (2006).
In Whitener, supra , our court was presented with the contention that the trial court had no legal basis for finding a violation of probation because the terms and conditions of the defendant's probation were not entered into evidence at the revocation hearing. Our court rejected the argument, explaining in part, "Appellant's argument that the terms and conditions of probation were not introduced into evidence amounts to a procedural objection, and appellant did not raise this issue at the revocation hearing. This court will not consider issues raised for the first time on appeal." 96 Ark. App. at 357, 241 S.W.3d at 782. Similarly, in Myers v. State, supra , our court explained:
This court, however, has held that an argument that the State failed to introduce a copy of the terms and conditions of a suspended sentence is a procedural objection that must be raised before the circuit court. Myers never objected to the State's failure to introduce the terms and conditions of his suspended sentence.
*801 Under Cotta and Whitener , therefore, Myers's first two arguments are not preserved for appeal.
2014 Ark. App. 720 at 3, 451 S.W.3d 588, 590 (citations omitted).
Accordingly, Justus did not preserve the issue he wishes to argue on appeal, and therefore we affirm the trial court's revocation without addressing the merits of his argument.
Affirmed.
Gladwin and Vaught, JJ., agree.