Cite as 2020 Ark. App. 312

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-955

| | |
|---|---|
| | **Opinion Delivered:** May 13, 2020 |
| IRENA P. BRIMLETT APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-11-244] |
| V. | |
| STATE OF ARKANSAS APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | AFFIRMED |

**WAYMOND M. BROWN, Judge**

Appellant Irena Brimlett appeals from the revocation of her probation for the underlying charge of theft of property for which she was sentenced to three years' imprisonment with an additional seven years' suspended sentence. She argues on appeal that the circuit court erred by revoking her probation because the State failed to present sufficient evidence to support the revocation. We affirm.

Appellant pled guilty to theft of property on March 31, 2011, and received three years' probation. She was also ordered to pay fees, restitution, fines, and costs. The State filed a petition to revoke on June 13, 2012, alleging that appellant had violated the terms and conditions of her probation by failing to report or make payments as ordered. Appellant pled guilty to being in violation and received an additional two years' probation on March

28, 2016.[1]  The State filed a second petition to revoke on November 29, 2016, alleging that appellant had violated the terms and conditions of her probation by committing a new offense on June 5, 2016, failing to report, and failing to make payments as ordered. Appellant's revocation hearing took place on August 22, 2019.[2]

Keith Ming testified that he performed the initial intake with appellant but that appellant's probation was subsequently transferred from Craighead County to Mississippi County.  He stated that based on the records from Mississippi County, appellant last reported in April 2017 and was behind on her fees.

Appellant testified that she currently resides in Jonesboro and that she was there to "get [her] fines corrected and get [her] life back on track."  She said that she has two children and is their sole caregiver.  She denied having any knowledge of owing fees or anything to the sheriff's office.  She stated that she made several payments in 2016 toward her costs and thought that they were "taken care of."  She said that she lost her job in 2017 and had no way to make the payments.  She testified that she is currently employed at Riceland.  She admitted that she was arrested for simultaneous possession of drugs and a firearm and subsequently pled guilty to those charges.  However, she stated that she pled to those charges only because she was told that it would not hurt her probation in Craighead County.  She insisted that she was wrongly accused but pled guilty anyway.

---

[1]There were numerous motions for continuances as well as failures to appear during this time.

[2]Again, continuances and failures to appear seem to cover the gap in time.

At the conclusion of the testimony, appellant's attorney made the following motion: "The State has not shown that my client willfully failed to pay and that she knew that she owed anything. It was because of this false allegation that she had not paid that she did not appear to the probation officer." The court denied the motion and sentenced appellant to three years in the Arkansas Department of Correction with an additional seven years' suspended sentence. The sentencing order was filed on August 22. Appellant filed a timely notice of appeal on September 20. This appeal followed.

Appellant argues that the circuit court erred when it revoked her probation because the State did not present sufficient evidence to support her revocation. More specifically, she argues that the State never introduced any evidence of the terms and conditions of her probation or offered proof that she had, in fact, been convicted of a crime for which she was presently on probation. This argument is not preserved for appeal.

The argument appellant now makes is not the same argument she made to the circuit court at the time of her revocation hearing. The argument she raises here is a procedural argument rather than a sufficiency challenge, and it must be raised at trial in order to preserve it for appeal.[3] This court will not consider issues raised for the first time on appeal.[4]

Appellant also seems to argue that the State failed to present evidence that she was presented with and signed a written copy of the terms and conditions of her probation. This

---

[3] *See Justus v. State*, 2019 Ark. App. 67, 568 S.W.3d 799.

[4] *Id.*

argument is also procedural and cannot be raised for the first time on appeal.[5]  Accordingly, we affirm without addressing the merits of appellant's arguments.

Affirmed.

GLADWIN and WHITEAKER, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.

---

[5]*See Nelson v. State*, 84 Ark. App. 373, 141 S.W.3d 900 (2004).