Cite as 2020 Ark. App. 400

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-19-966

| | | |
|---|---|---|
| | | **OPINION DELIVERED:** SEPTEMBER 16, 2020 |
| COREY HOBBS | APPELLANT | APPEAL FROM THE CLAY COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 11PCR-15-95] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE PAMELA HONEYCUTT, JUDGE |
| | | AFFIRMED |

## ROBERT J. GLADWIN, Judge

Corey Hobbs appeals the revocation of his suspended imposition of sentence (SIS) by the Clay County Circuit Court. He argues that the circuit court abused its discretion by denying his motion for a continuance because he had insufficient time to prepare a defense. We affirm.

### I. *Facts and Procedural History*

On January 15, 2016, Hobbs entered a plea of guilty to charges of possession of a controlled substance and possession of drug paraphernalia for which he was sentenced to forty-two months' imprisonment plus sixty months' SIS, to run consecutively. Among the terms and conditions of his SIS were requirements that he (1) not commit any other felony criminal offenses; (2) report as directed by his Arkansas Community Correction (ACC) supervising officer; and (3) not associate with known felons.

On June 24, 2019, a supplemental petition to revoke Hobbs's SIS was filed by the State after its initial petition filed on June 7, alleging that Hobbs had (1) failed to live a law-abiding life by receiving new criminal charges of possession of paraphernalia to manufacture, etc., methamphetamine or cocaine; possession of drug paraphernalia to ingest, inhale, etc.; and possession of a controlled substance Schedule VI less than four ounces; (2) failed to pay fines and costs; (3) failed to pay monthly probation fees; (4) failed to maintain employment; (5) been arrested for new felony and/or misdemeanor charges; (6) associated with known felons.

On June 27, Hobbs first appeared for a probable-cause hearing. The circuit court found that (1) there was probable cause to hold Hobbs on the petition to revoke, and (2) Hobbs was not indigent and not entitled to court–appointed counsel. His revocation hearing was set for July 12, but it was rescheduled for July 22. On July 22, Hobbs appeared and advised the circuit court that he was suffering from kidney stones and provided a medical statement by a physician that supported his claim. The public defender, Kirk Lonidier, signed as attorney for Hobbs and stood with Hobbs as he explained his medical condition to the circuit court. The same day, Hobbs also executed a voluntary statement in which he admitted using methamphetamine and smoking "weed" six days earlier and having previously failed a drug screen.

On July 25, the State filed an amended petition to revoke, alleging Hobbs had failed to (1) live a law-abiding life; (2) be of good behavior and not violate any laws of the State of Arkansas; (3) report as directed; (4) pass drug screens; (5) pay fines, cost, and fees; (6) maintain employment; and (7) report a change of address. The petition further alleged that

2

Hobbs had committed two counts of possession of drug paraphernalia and one count of possession of a controlled substance. The revocation hearing was rescheduled for July 29.

On July 29, Mr. Lonidier again appeared with Hobbs at the revocation hearing. Hobbs complained to the circuit court that there had been some confusion regarding the appointment of Mr. Lonidier and that he did not think he was "being represented properly." The circuit court proceeded with the revocation hearing, noting that the hearing scheduled for July 22 had been continued due to Hobbs's health and that the same witnesses who appeared for that hearing currently were present and ready to testify.

At the conclusion of the hearing, the circuit court found that Hobbs had violated the conditions of his SIS by (1) committing new criminal offenses; (2) associating with known felons; and (3) failing to report as directed by his ACC supervising officer. Hobbs was sentenced to four years in the Arkansas Department of Correction followed by two years of SIS pursuant to a sentencing order filed on July 29. Hobbs filed a timely notice of appeal on August 28.

## II. *Standard of Review*

We review the denial of a request for continuance for abuse of discretion. *Harmon v. State*, 2020 Ark. 217, at 8, 600 S.W.3d 586, 591; *see also Thorne v. State*, 269 Ark. 556, 560, 602 S.W.2d 886, 889 (1980). Every denial of a request for more time does not violate due process or Constitutional mandates. *Thorne, supra*. Hobbs bears the burden of establishing that the circuit court abused its discretion in denying the motion and that he suffered prejudice amounting to a denial of justice. *Harper v. State*, 2019 Ark. App. 163, at 8, 573 S.W.3d 596, 601–02.

III. *Discussion*

Hobbs initially notes that the record in this case does not reflect a specific appointment of the public defender, Mr. Lonidier, to his case. On the day of the revocation hearing, the State indicated on the record that there was a scheduling order signed by the public defender but acknowledged that it was unclear whether the appointment was addressed on the docket sheet. Hobbs stated that he believed Mr. Lonidier had been appointed the entire time but stated that when he went to the public defender's office, he was told that no appointment had been made. Hobbs then submitted to the circuit court that he believed he was not being properly represented. Hobbs argues (1) that the circuit court abused its discretion when it failed to definitively state and note in the record that Mr. Lonidier had been appointed prior to the date of the revocation hearing, and further, (2) that despite the late appointment, denied his request for a continuance of the hearing to allow him to develop an appropriate defense.

Hobbs submits that before matters were put on the record, when the issue of the appointment of the public defender was being discussed and the circuit court determined that there had been an appointment, Mr. Lonidier then verbally requested that the matter be continued. Hobbs urges that the circuit court abused its discretion in not allowing him a continuance to allow for adequate time to prepare a proper defense.

We disagree and hold that Hobbs's claim that the circuit court erred by denying his motion to continue the revocation hearing is not preserved for appellate review. Hobbs incorrectly asserts that Mr. Lonidier made an off-the-record motion to continue the hearing. Hobbs's claim is not preserved because the record indicates that no specific request for a

4

continuance was ever made on the record. The record reflects that Hobbs expressed to the circuit court that he felt he was not being "properly represented"—this does not constitute a request for a continuance. When appealing a revocation, procedural challenges must be raised at trial in order to preserve the argument for appellate review. *Justus v. State*, 2019 Ark. App. 67, at 3, 568 S.W.3d 799, 800.

Affirmed.

VIRDEN and WHITEAKER, JJ., agree.

*Skarda & Lonidier P.L.L.C.*, by: *Kirk B. Lonidier*, Clay County Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.