2012 Ark. App. 235

**Jonale HENRY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 11–1153.**

Court of Appeals of Arkansas.

April 4, 2012.

Robert M. "Robby" Golden, Little Rock, for appellant.

Dustin McDaniel, Attorney General by Karen virginia Wallace, Assistant Attorney General, Little Rock, for appellee.

DAVID M. GLOVER, Judge.

This is a revocation case in which appellant Jonale Henry pleaded guilty to the underlying charge of possession of marijuana with intent to deliver. On May 25, 2010, he was sentenced by the Lonoke County Circuit Court to five years' probation, three of which were to be supervised. On February 2, 2011, the State filed a petition to revoke his probation, contending that he had been arrested for eight counts of possession of a controlled substance without a prescription and that, on July 12, 2010, he had tested positive for cocaine and marijuana. On August 4, 2011, the State filed an amended petition to revoke, adding the additional allegations that Henry had failed to report to his probation officer as directed and that he had failed to appear for a court appearance in Pulaski County. The hearing on the petition was held August 12, 2011. The trial court concluded that Henry had violated the terms and conditions of his probation and sentenced him to one year in the regional correction facility and two years' suspended imposition of sentence. The judgment and commitment order was entered on August 15, 2011, and Henry's notice of appeal was filed August 22, 2011. As his sole point of appeal, Henry contends that the trial court erred in revoking his probation because the State failed to prove by a preponderance of the evidence that he violated any terms or conditions of his probation. We affirm.

### Standard of Review

The burden is on the State to prove by a preponderance of the evidence the violation of a condition of probation. *Williams v. State,* 351 Ark. 229, 91 S.W.3d 68 (2002). On appellate review, the trial court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended sentence revocation hearing. *Id.* Because determination of a preponderance of the evidence turns on questions of credibility and weight to be given to the testimony, we defer to the trial judge's superior position. *Id.*

### Revocation Hearing

Kevin Trigg testified at length. He explained that he supervised Henry's proba-

tion, beginning May 24, 2010, from the Lonoke County Probation Office. He said that they submitted a transfer to Pulaski County because that was where Henry lived. Henry was scheduled for a July 8, 2010 meeting but called and rescheduled for July 12, 2010. Henry appeared for the July 12, 2010 meeting and reported that he was unemployed. He denied any drug or alcohol use, but his urine sample came back positive for marijuana and cocaine. Trigg called him on July 13 and told him to report the next day to explain the positive drug test. At the July 13 meeting, Henry explained that he lied about his drug use because he thought it would be out of his system for the drug test. He denied the use of cocaine. Trigg referred him to drug counseling, gave him a locator sheet with all of the counseling centers that he could choose from, and set another appointment. In the meantime, the transfer to Pulaski County was approved and, thereafter, Henry reported to them.

Trigg explained that the file showed Henry had a felony commitment to Pulaski County, "so he was doing jail time for something," but it would have happened prior to this probation case. He said that Henry was booked and released, probably weekends, and that during that time, he was supervised by Erika Hune from Pulaski County. He said that he began to supervise Henry again after he was arrested in Pulaski County and charged with new drug crimes; and that Henry's incident report showed he was booked for possession of controlled counterfeit substance without prescription, first offense, and "it shows seven or eight instances, all first offense." Trigg testified that Henry failed to report several times to the Pulaski County Office; that a violation report was submitted by Pulaski County; that the case was sent back to Lonoke; and that he was in jail on new charges.

Trigg stated that Lonoke filed a petition to revoke his probation on January 20, 2011, and that after Henry was arraigned, Trigg got information to Henry that he was to report to Trigg. He said that he saw Henry in court on February 14, 2011, and that he told Henry to report to him if he was released from jail. He testified that Henry had not reported to him; that he checked and Henry was released from the Lonoke County Jail on February 15, 2011; and that he did not report to Trigg the next day or February 17. Trigg explained that Henry was in court in Lonoke again on April 25, 2011, and that the court instructed him to report to Trigg weekly if released from jail; that he had not reported; and that he had not made any payments toward his fines since January 5, 2011. Trigg stated that Henry's Pulaski County probation officer informed Henry on February 8, 2011, that a revocation had been filed in Lonoke County and that the sheriff was coming to pick him up on a warrant. Trigg explained that he told the Pulaski County probation officer to send the case back to him, and that Henry was sent back to Lonoke after he was arrested on the petition-to-revoke warrant.

Trigg testified that his dealings with Henry before the revocation petition was filed amounted to a couple of months, during which he had tested positive for marijuana and cocaine, but that he had not "violated" Henry at that time. He stated that Henry was assigned to him but that Henry had not been reporting; that Henry's transfer to Pulaski County occurred around August 3, 2010; that from that date until the revocation was filed, he was not supervising Henry; that he did not have any personal knowledge or information about Henry's conditions of probation or how he was reporting in Pulaski County; that he had the common file for both counties; that anything probation officers in either county reported on Henry would

be in that file; that Henry was booked on February 8, 2011, and released on February 15, 2011; that Henry was booked again for failure to appear on June 30, 2011; that he assumed Henry was still in jail; that Henry could not have reported to him on the dates he was in jail; and that he did not go to the jail to visit Henry.

Trigg stated that Henry violated his probation when he tested positive for marijuana and cocaine on July 12, 2010; that Henry was in the process of transferring to Pulaski County so no revocation report was filed at that time but that he referred Henry to drug counseling; and that a probationer is still asked to report even after a revocation petition has been filed.

Trigg stated that he had nothing in his file to show that Henry ever attended drug counseling anywhere; that for four months, between February and June, Henry was not in custody and was not reporting or being supervised by either Lonoke or Pulaski County. He explained that he advised Henry to go to inpatient drug counseling in mid-July 2010 after his positive drug test; that two weeks after that, Henry was being supervised by Pulaski County; that his direction to Henry on drug counseling referrals carried over to Pulaski County; and that if a probationer was directed to attend drug counseling, he still had to attend drug counseling no matter where he was transferred in the state. He said that, at that point, Henry was obligated to comply with the directions of two different probation officers and that he "would not think the Pulaski County officer would tell [Henry] he did not have to go to drug counseling."

The State rested and Henry's counsel moved to dismiss the petition, contending that Trigg could not testify about any violations other than the positive drug test, which he did not revoke on at the time it happened. The trial court denied the mo-

tion, stating, "But they also told him to— he testified they told him to report ... when he was here in April and he did not do that."

Henry's mother, Virgie Scott, testified that Henry lived with her while on probation; that he was nineteen; that she went with him to his probation appointments; that "he always reported in Pulaski"; that his fines were up to date; and that the Pulaski County probation officer told him he did not have to do drug rehab. She denied that Henry has a drug problem. She said that the positive drug test happened in Lonoke; that he tested clean in Pulaski County; that he started reporting every three months; that she was aware that he had been arrested for possession of a controlled substance without a prescription; and that she was aware he had a failure to appear.

Henry testified also. He stated that, after he was arrested and brought back to Lonoke County, he called Trigg four times but could not reach him; that he had not used drugs since last July; that no one had told him to meet with Trigg every day; and that Trigg wanted to meet with him on Saturday and Sunday every weekend. He acknowledged that he had been arrested for possession of prescription drugs without a prescription back in January and that he had "been involved in some kind of criminal activity."

Henry's counsel renewed the motion to dismiss, which was also denied, and the trial court found that Henry had violated his probation.

In this appeal, Henry contends that the trial court erred in revoking his probation because the State failed to prove by a preponderance of the evidence that he violated any terms or conditions of his probation. We find no clear error in the trial

court's determination that Henry violated his probation.

The first listed condition of Henry's probation was, "You must report to your Probation Officer, as directed." In denying the motion to dismiss, the trial court particularly focused on Henry's failure to report when he was not in custody. Recapping pertinent portions of Trigg's testimony at the revocation hearing, he reported that he had nothing in his file to show that Henry ever attended drug counseling anywhere; and that for four months, between February and June, Henry was not in custody and was not reporting or being supervised by either Lonoke or Pulaski County. He explained that he advised Henry to go to inpatient drug counseling in mid-July 2010 after his positive drug test; that two weeks after that, Henry was being supervised by Pulaski County; that Trigg's direction on drug counseling referral carried over to Pulaski County; and that Henry still had to attend drug counseling no matter where he was transferred in the state.

 |<sub>8</sub>Proof that only one condition has been violated is sufficient to support a revocation. *Ramsey v. State*, 60 Ark.App. 206, 959 S.W.2d 765 (1998). Moreover, we defer to the trial court on questions of credibility. *Williams v. State, supra.* The trial court clearly credited Officer Trigg's testimony and that testimony established that Henry did not report as directed.

Affirmed.

GLADWIN and BROWN, JJ., agree.