Cite as 2019 Ark. App. 412

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CR-19-104

| | |
|---|---|
| TORRIE KAY DIXON | **Opinion Delivered:** September 25, 2019 |
| APPELLANT | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-17-417 ] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BARBARA HALSEY, JUDGE |
| APPELLEE | AFFIRMED |

## MEREDITH B. SWITZER, Judge

Torrie Dixon was sentenced to three years of supervised probation on July 31, 2017, after pleading guilty to the offense of possession of drug paraphernalia. On May 16, 2018, the State filed a petition to revoke, alleging violations of the terms and conditions of her probation. Following the September 18, 2018 revocation hearing, the circuit court revoked Dixon's probation and sentenced her to thirty-six months in a community-corrections center, followed by a twenty-four-month suspended imposition of sentence. Dixon challenges the sufficiency of the evidence supporting the revocation because the State "did not present any evidence regarding the specific terms and conditions of [her] probation, and the record is unclear as to whether or not the circuit court was aware of the same." We affirm.

At the revocation hearing, the State presented evidence that Dixon had not reported to her supervisor and that she had not paid any fines or costs. She admitted those facts when

she testified. Although not formally introduced into evidence, the terms and conditions of her probation were part of the record before the circuit court. We do not address Dixon's argument because it was not properly preserved for our review.

In *Myers v. State*, 2014 Ark. App. 720, at 3, 451 S.W.3d 588, 590, our court rejected a sufficiency challenge based on the State's failure to introduce the terms and conditions of a suspended sentence, explaining that such a failure constitutes a procedural issue that must be raised before the circuit court:

> Myers couches his argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal in an appeal of a revocation in the absence of a motion for directed verdict. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). This court, however, has held that an argument that the State failed to introduce a copy of the terms and conditions of a suspended sentence is a procedural objection that must be raised before the circuit court. *Cotta v. State*, 2013 Ark. App. 117; *Whitener v. State*, 96 Ark. App. 354, 241 S.W.3d 779 (2006). Myers never objected to the State's failure to introduce the terms and conditions of his suspended sentence. Under *Cotta* and *Whitener*, therefore, Myers's first two arguments are not preserved for appeal.

Here, Dixon did not object below to the State's failure to introduce the terms and conditions of her probation or express any concerns about the circuit court's awareness of them. Citing *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40, she characterizes her argument as a sufficiency challenge rather than a procedural issue to avoid being barred from raising it in this appeal. Her reliance on *Scroggins*, however, is misplaced. The *Myers* decision postdated *Scroggins* and clarified that the State's failure to introduce a copy of the terms and conditions at trial is a procedural issue that must be raised before the circuit court. Dixon did not raise this procedural issue below, and we will not address an issue on appeal that has not been properly preserved.

2

Affirmed.

VIRDEN and VAUGHT, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael L. Yarbrough*, Ass't Att'y Gen., for appellee.