Cite as 2020 Ark. App. 340

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-19-709

| | |
|---|---|
| | **Opinion Delivered**: June 3, 2020 |
| TAYLOR BUTRY-WESTON<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-17-1114, 17CR-17-1216, 17CR-17-1217, 17CR-17-238]<br><br>HONORABLE GARY COTTRELL, JUDGE<br><br>SUPPLEMENTATION OF THE RECORD AND REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED |

## KENNETH S. HIXSON, Judge

On March 28, 2018, appellant Taylor Butry-Weston pleaded guilty to theft of property (credit/debit card), fraudulent use of a credit/debit card, possession of drug paraphernalia, four counts of second-degree forgery, and two counts of failure to appear. For theses offenses, Taylor was placed on three years' probation.

On April 6, 2018, the State filed a petition to revoke Taylor's probation, alleging that she violated her conditions of probation by failing to comply with the rules and regulations of drug court when she failed to report for intake and drug testing. After a revocation hearing held on June 19, 2019, the trial court found that Taylor violated her conditions by failing to appear for drug court after being notified of the prescribed dates and times. On July 13, 2019, the trial court entered a sentencing order revoking Taylor's

probation and sentencing her to six years in prison. Taylor now appeals the revocation of her probation.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4–3(k), Taylor's counsel has filed a motion to be relieved on the grounds that this appeal is wholly without merit. Taylor's counsel's motion was accompanied by a brief discussing all the adverse rulings in the record and a statement of the reason each point raised cannot arguably support an appeal. Taylor was provided a copy of her counsel's brief and motion and notified of her right to file pro se points for reversal, but she has not filed any points. We deny counsel's motion to withdraw, and we remand to settle the record and supplement the addendum.

Arkansas Supreme Court Rule 4–2(a)(8) requires that the addendum to appellant's brief include all documents that are essential for the appellate court to understand the case and to decide the issues on appeal. *See also* Ark. Sup. Ct. R. 4–3(k)(1) ("The abstract and addendum of the brief shall contain, *in addition to the other material parts of the record*, all rulings adverse to the defendant made by the circuit court." (Emphasis added.)). Taylor's addendum does not contain her written conditions of probation, which is essential to our review of this case and her counsel's argument that the trial court did not err in finding that Taylor violated a condition. *See Rigsby v. State*, 2019 Ark. App. 17; *see also Baney v. State*, 2016 Ark. App. 405. Moreover, Taylor's written conditions of probation are not contained in our record. If anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected, and if necessary, that a supplemental

2

record be certified and transmitted.  Ark. R. App. P.–Civ. 6(e) (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)).

Because of the deficiency in the record, we remand to the trial court to settle and supplement the record with the necessary document containing Taylor's written conditions of probation, to be completed within thirty days.  Upon filing of the supplemental record, counsel shall have fifteen days in which to file a substituted abstract, addendum, and brief. *See* Ark. Sup. Ct. R. 4-2(b)(3).  We encourage Taylor's counsel to review Rule 4-2 of the Rules of the Arkansas Supreme Court to ensure that the substituted abstract, brief, and addendum comply with the rules and that no additional deficiencies are present.

Supplementation of the record and rebriefing ordered; motion to withdraw denied.

GLADWIN and HARRISON, JJ., agree.

*Jason A. Hutcheson*, for appellant.

One brief only.