Cite as 2021 Ark. App. 51

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-19-709

|  |  |
|---|---|
|  | **Opinion Delivered:** February 3, 2021 |
| TAYLOR BUTRY-WESTON<br>APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NOS. 17CR-17-1114, 17CR-17-1216, 17CR-17-1217, 17CR-17-238] |
| V. |  |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE GARY COTTRELL, JUDGE |
|  | AFFIRMED |

## KENNETH S. HIXSON, Judge

This is the second time this probation-revocation case has been before us. In the first appeal, appellant Taylor Butry-Weston's counsel filed a no-merit brief along with a motion to withdraw as counsel. We remanded for supplementation of the record and rebriefing because Taylor's written conditions of probation were not contained in the record. *See Butry-Weston v. State*, 2020 Ark. App. 340 (*Butry-Weston I*). The record has now been supplemented with Taylor's written conditions of probation, and the case has returned to us in a merit format.

On appeal from the revocation of her probation, Taylor challenges the sufficiency of the evidence supporting the revocation. Taylor also argues that the revocation petition should have been dismissed because the arrest warrant was invalid. We affirm.

In a revocation proceeding, the trial court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Rowton v. State*, 2020 Ark. App. 174, 598 S.W.3d 522. Since a determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the trial court's superior position. *Id.* The State has the burden of proof but need only prove one violation. *Dawson v. State*, 2015 Ark. App. 23.

On March 28, 2018, Taylor pleaded guilty to theft of property (credit or debit card), fraudulent use of a credit or debit card, possession of drug paraphernalia, four counts of second-degree forgery, and two counts of failure to appear. For these offenses, Taylor was placed on three years' probation.

On April 6, 2018, the State filed a petition to revoke Taylor's probation, alleging that she violated her conditions of probation by failing to comply with the rules and regulations of drug court when she failed to report for intake and drug testing. After a revocation hearing held on June 19, 2019, the trial court found that Taylor had violated her conditions by failing to report for drug court after being notified of the prescribed dates and times. On July 13, 2019, the trial court entered an order revoking Taylor's probation and sentencing her to six years in prison, and Taylor now appeals the order of revocation.

Taylor's conditions of probation, which were contained in the record and supplemented pursuant to our directive in *Butry-Weston I*, contained the following provisions. Paragraph 6 of Taylor's conditions of probation required her to report as

directed to her supervising officer. Paragraph 9 required her to submit to any rehabilitative program deemed necessary by her supervising officer.

Only two witnesses testified at the revocation hearing. These witnesses were Taylor's probation officer, Kayla Payton, and Taylor herself.

Officer Payton testified that after Taylor pleaded guilty on March 28, 2018, Payton specifically advised Taylor of the schedule she had to meet pertaining to drug court. Officer Payton testified that Taylor was directed in writing to report to probation for her intake on March 30. According to Officer Payton, Taylor called that day and left a message that she could not make it. Officer Payton then advised Taylor to report on April 2, but again, Taylor did not appear. Officer Payton testified that she advised Taylor to report on April 3 and April 4 but that Taylor failed to report on those days as well. Officer Payton stated that due to Taylor's repeated failures to report for drug court, she was removed from the program.

Appellant Taylor testified that when she pleaded guilty she was ordered by the trial court to complete drug court. Taylor admitted that she did not even start the drug-court program, much less complete it. Taylor did not dispute Office Payton's testimony that she was ordered to report on certain dates and failed to do so. Based on the testimony of Officer Payton, Taylor, and the record before the trial court, the trial court revoked Taylor's probation.

On appeal, Taylor's first argument is that there was insufficient evidence to support her revocation. Although Taylor did not make a motion to dismiss based on insufficient evidence at the close of the revocation hearing, she asserts that pursuant to *Barbee v State*,

346 Ark. 185, 56 S.W.3d 370 (2001), a challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion to dismiss. Taylor's argument has two prongs. She first argues that there was insufficient evidence to support the revocation because the written conditions of her probation were not introduced into evidence at the revocation hearing and were absent from the record until we ordered supplementation in the first appeal. Taylor next argues that there was insufficient evidence because, even if the written conditions were clearly identified, none of the conditions explicitly required her to report for drug court on March 30 or on any other specific date.

We first address Taylor's claim that the written conditions of probation were "absent" from the record until we ordered supplementation. This is a mischaracterization. When Taylor lodged her first appeal with this court, the conditions of probation were inadvertently omitted from the appellate record. In *Butry-Weston I*, we remanded to settle and supplement the record pursuant to Ark. R. App. P.–Civ. 6(e), which provides that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected, and if necessary, that a supplemental record be certified and transmitted (made applicable to criminal cases by Ark. R. App. P.–Crim. 4(a)). After our remand, the record was settled and supplemented as ordered. The supplemental record contains Taylor's written conditions of probation, which were signed by Taylor on March 28, 2018, and filed of record in the trial court on March 29, 2018. Therefore, appellant's argument is without merit. It is clear that the written conditions of probation were contained in the trial court's record at the time of the June 19, 2019, revocation hearing.

4

We now turn to Taylor's contention that her revocation should be reversed because her conditions of probation were not formally introduced into evidence at the revocation hearing.[1]  As previously stated, although not formally introduced into evidence, the conditions of her probation were part of the record before the trial court.  Taylor couches her argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal.  *See Barbee, supra.*  This court, however, has held that an argument that the State failed to introduce a copy of the conditions of a probation or a suspended sentence is a procedural objection that must be raised before the trial court.  *Myers v. State*, 2014 Ark. App. 720, 451 S.W.3d 588.  Because Taylor never objected to the State's failure to introduce the conditions of her probation at the revocation hearing, this argument is not preserved for review.

That does not end our inquiry because Taylor also contends that we should reach the sufficiency-of-the-evidence argument pursuant to our decision in *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40.  In *Scroggins*, at the revocation hearing, the State failed to introduce the conditions of probation into evidence; however, Scroggins did not raise the issue at the hearing.  Scroggins's probation was subsequently revoked for violating the conditions of his probation.  On appeal, Scroggins argued that the revocation should be reversed because the State failed to introduce the conditions of probation.  Our court considered the merits of Scroggins's challenge to the State's failure to introduce the conditions of Scroggins's probation at the revocation hearing despite the fact that he had

---

[1]Taylor does not contend that she did not receive or was unaware of her conditions of probation.  Indeed, the record shows that, in signing her written conditions, Taylor acknowledged that she had read them and understood them.

5

not raised that specific argument below. The *Scroggins* court referred to the introduction of the actual terms of probation "to be something of a procedural/sufficiency hybrid." The use of this phrase in *Scroggins* has ultimately resulted in confusion. If the alleged error on appeal is the sufficiency of the evidence, then the error generally may be raised for the first time on appeal. However, if the alleged error is procedural, then generally the error must be raised below to be preserved for appeal. The *Scroggins* phrase "something of a procedural/sufficiency hybrid" unnecessarily pits these two appellate principles against one another. The *Scroggins* court affirmed Scroggins's revocation, holding that as long as it is clear from the record that the trial court knew the conditions of the defendant's probation, the fact that they were not formally introduced into evidence is not a failure of proof.

We decline Taylor's invitation to reach the merits of her argument that her revocation should be reversed for the failure to introduce the conditions of probation based on *Scroggins*. In *Myers*, *supra*, we noted that *Scroggins* is the only reported Arkansas case to use the "procedural/sufficiency hybrid" language, and we characterized *Scroggins* as "somewhat of an outlier in our jurisprudence." Since our court delivered *Scroggins* and used the phrase "procedural/sufficiency hybrid," we have steadfastly held that the failure to introduce the conditions of probation is a procedural matter that must be raised before the trial court to be preserved for review. *See Dixon v. State*, 2019 Ark. App. 412; *Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413; *Myers*, *supra*. Here, Taylor simply failed to raise the procedural matter below, and it is not preserved for review.

Taylor attempts to somehow distinguish her case from *Dixon* and *Vangilder* because her revocation was based on her failure to report as opposed to the commission of a new

6

criminal offense. However, in both *Dixon* and *Vangilder*, the revocation was premised on the appellant's failure to report, and in both cases, we held that the argument that the State failed to introduce the conditions is a procedural objection that was waived because it was not raised below. In *Dixon*, we wrote:

> Here, Dixon did not object below to the State's failure to introduce the terms and conditions of her probation or express any concerns about the circuit court's awareness of them. Citing *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40, she characterizes her argument as a sufficiency challenge rather than a procedural issue to avoid being barred from raising it in this appeal. Her reliance on *Scroggins*, however, is misplaced. The *Myers* decision postdated *Scoggins* and clarified that the State's failure to introduce a copy of the terms and conditions at trial is a procedural issue that must be raised before the circuit court. Dixon did not raise this procedural issue below, and we will not address an issue on appeal that has not been properly preserved.

*Dixon*, 2019 Ark. App. 412, at 2–3. Accordingly, in light of our settled caselaw, Taylor's failure to raise this issue below precludes our consideration of it on appeal.

Taylor next argues that because her written conditions did not explicitly include a specific date or deadline by which to report to her probation officer for intake or drug court, the evidence was insufficient to revoke her probation. However, we disagree.

Paragraph 6 of the conditions of Taylor's probation required her to report as directed to her supervising officer. Paragraph 9 required her to submit to any rehabilitative program deemed necessary by her supervising officer. Taylor's supervising probation officer testified that she directed Taylor to report for intake to the drug-court program on multiple specific dates and that Taylor failed to report altogether. And Taylor herself admitted that she failed to begin, much less complete, the drug-court program. In light of this testimony, we conclude that the trial court's finding that Taylor inexcusably violated a condition of her probation was not clearly against the preponderance of the evidence. *See Henry v. State*,

7

2012 Ark. App. 235, 406 S.W.3d 6 (affirming revocation for violation of condition requiring appellant to report to his probation officer as directed based on probation officer's testimony).

Taylor's remaining argument is that the revocation petition should have been dismissed because the arrest warrant was invalid. Taylor makes two different but related arguments. First, she claims the service of the arrest warrant should be declared invalid because the service of the warrant was unreasonably delayed in violation of Arkansas Annotated section 5-1-109(f) (Supp. 2019). Second, Taylor claims that the arrest warrant was stale when she was served. Taylor made these arguments at the revocation hearing, and they were rejected by the trial court.

The record reflects that the State's petition to revoke Taylor's probation was filed on April 6, 2018, and that an arrest warrant was *issued* for the probation violation three days later on April 9, 2018. Taylor was thereafter incarcerated in the Arkansas Department of Correction (ADC) on unrelated charges from June 27, 2018, until April 10, 2019. The arrest warrant for the petition for revocation was subsequently served on Taylor on April 10, 2019, which was 366 days after the arrest warrant was issued.

Taylor argues that the 366-day period between the time the arrest warrant was issued and served was an unreasonable delay that rendered the arrest warrant invalid. She relies on Ark. Code Ann. § 5-1-109(f) (Supp. 2019), which provides:

> A prosecution is commenced when an arrest warrant or other process is issued based on an indictment, information, or other charging instrument if the arrest warrant or other process is sought to be executed *without unreasonable delay*.

(Emphasis added.)  Taylor argues that because she was incarcerated in the ADC for more than nine months while the revocation arrest warrant was pending, the State knew her whereabouts and that the delay in serving the warrant was unreasonable.

In support of her argument, Taylor cites *Richmond v. State*, 326 Ark. 728, 934 S.W.2d 214 (1996), which is a revocation case that peripherally discussed Arkansas Code Annotated section 5-1-109(f).  However, a close reading of *Richmond* reveals that the supreme court did not decide the case on the basis of section 5-1-109(f); instead, the revocation was affirmed due to Richmond's failure to abstract pertinent parts of the record.  Specifically, the *Richmond* court stated:

> In sum, even were § 5-1-109(f) to apply to this situation, which is an issue we do not reach today, Richardson's abstract prevents us from deciding the issue of reasonableness.

*Richmond*, 326 Ark. at 731, 934 S.W.2d at 216.  Therefore, Taylor's reliance on *Richmond* is misplaced and her argument is unconvincing, and we will not consider arguments that are unsupported by convincing argument or citation to relevant authority.  *See King v. State*, 2016 Ark. App. 292, 494 S.W.3d 463.

Taylor's second argument under this point is that the arrest warrant was stale when served and therefore invalid.  However, Taylor is mistaken.  Again, Taylor's reliance on *Richmond* is misplaced.  Arkansas Code Annotated section 16-93-308(d) (Supp. 2019) provides:

> (d) If a court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension of sentence or probation, the court may revoke the suspension of sentence or probation *at any time prior to the expiration of the period of suspension of sentence or probation.*

9

(Emphasis added.)  Taylor's three-year probationary period began on March 28, 2018. The arrest warrant was issued on April 9, 2018, and was served on April 10, 2019.  The service of the arrest warrant was clearly within the three-year probation period and in compliance with Arkansas Annotated section 16-93-308(d).  For these reasons, the trial court did not err in denying Taylor's motion to dismiss based on an allegedly invalid arrest warrant.

Affirmed.

ABRAMSON and VIRDEN, JJ., agree.

*Jason A. Hutcheson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Sr. Ass't Att'y Gen., for appellee.