Cite as 2022 Ark. App. 74

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-21-309

| | | |
|---|---|---|
| JOHN ERIN WORKMAN | | Opinion Delivered February 16, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-14-567, 04CR-15-1537] |
| V. | | |
| | | HONORABLE BRAD KARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant John Workman appeals from an order of the Benton County Circuit Court revoking his probation and sentencing him to ten years in the Arkansas Department of Correction. His sole argument on appeal is that there was insufficient evidence to support the revocation of his probation. We affirm.

## I. *Background*

Workman originally pled guilty to one count of possession of drug paraphernalia in case No. 04CR-14-567 in 2014; at that time, he was sentenced to seventy-two months' probation. In 2017, he pled guilty to one count of nonsupport, a Class B felony, in case No.

04CR-15-1537, and was sentenced to twenty years' probation.[1] Workman's probation was subject to certain conditions, including not committing criminal offenses; not using, selling, distributing, or possessing any controlled substances; reporting to his supervising officer; and paying fines, fees, and costs.

In August 2019, the State sought to revoke Workman's probation. In twelve separate counts, the State's petition alleged that he failed to report to his supervising officer on five different occasions, failed to pay supervision fees as directed by Arkansas Division of Community Correction, failed to pay court-ordered fines, tested positive for methamphetamine on four specific occasions, and failed to enter inpatient drug treatment as directed by his supervising officer.

The court convened a revocation hearing. The State presented evidence that Workman had missed probation-office visits on multiple specific dates and that he had not reported since July 2019. Concerning controlled substances, the State presented evidence that Workman had tested positive for methamphetamine multiple times and failed to enter an inpatient drug-treatment program at the direction of his probation officer.[2] Concerning payments, the State presented evidence of Workman's sporadic payments toward his fines

---

[1]In the same sentencing order, the court found that Workman was in violation of his probation in case No. 04CR-14-567; however, it did not revoke his probation in that case and directed that he should "continue his original probation."

[2]The probation officer conceded that he had not given Workman a specific date by which he was supposed to complete the drug-treatment program.

and fees and also introduced, without objection, a copy of Workman's payment ledger, which showed that he had an outstanding balance of $3,200 on his fines, fees, and costs.

In response to the State's evidence, Workman testified that he had spoken to his probation officer the day before the revocation hearing and blamed his inability to show up for office visits on his lack of transportation. Workman admitted that he has a drug issue and contended that he had gone to Harbor House for drug treatment but had been "excused" from the program after a fight. After this incomplete rehabilitation effort, he had not attempted any further drug rehabilitation, once again blaming his failure to attempt further treatment on his lack of transportation.

At the conclusion of the hearing, the circuit court dismissed two counts in the revocation petition at the State's request: count 2, Workman's failure to pay supervision fees as directed by Arkansas Division of Community Correction; and count 6, his failure to report for a scheduled office visit on April 24, 2019. The court then found that the State had met its burden of showing that Workman failed to comply with the terms of his probation, revoked his probation, and sentenced him to 120 months in the Arkansas Department of Correction. The court entered a revocation order on October 28, 2020, and Workman filed a notice of appeal on November 21, 2020.[3]

II. *Standard of Review*

---

[3]The formal sentencing order was not entered until December 8, 2020; however, Workman's notice of appeal is timely pursuant to Ark. R. App. P.–Crim 2(b)(1) ("A notice of appeal filed after the trial court announces a decision but before the entry of the judgment or order shall be treated as filed on the day after the judgment or order is entered.").

3

To revoke a defendant's probation, the State must prove that the defendant violated a condition of probation. *Bennett v. State*, 2021 Ark. App. 351, 634 S.W.3d 581. The State bears the burden of proving a violation by a preponderance of the evidence. *Daniels v. State*, 2019 Ark. App. 473, 588 S.W.3d 116. On appeal, we will affirm a circuit court's revocation of probation unless the decision is clearly against the preponderance of the evidence. *Id.* We have long held that to sustain a revocation, the State need only show that the defendant committed one violation. *Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490.

III. *Discussion*

On appeal, Workman argues that the circuit court erred in revoking his probation because insufficient evidence was presented during the revocation hearing. Specifically, he contends that the State failed to introduce the terms and conditions of his probation during the hearing. Workman concedes, however, that he did not object to the State's failure to introduce the terms and conditions. We have repeatedly held that an argument that the State failed to introduce a copy of the conditions of a probation is a procedural objection that must be raised before the circuit court. *Morgan v. State*, 2020 Ark. App. 212, at 3, 599 S.W.3d 665, 667; *Myers v. State*, 2014 Ark. App. 720, 451 S.W.3d 588. An appellant cannot raise this procedural argument for the first time on appeal when, at the revocation hearing, he did not object to the State's failure to introduce the terms and conditions of his probation. *Vangilder v. State*, 2018 Ark. App. 385, at 4, 555 S.W.3d 413, 16.

Workman acknowledges this general rule; however, he couches his argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the

4

first time on appeal. *See Barbee v. State*, 346 Ark. 185, 188–89, 56 S.W.3d 370, 372 (2001) (holding that Ark. R. Crim. P. 33.1 and its requirements regarding motions for dismissal and directed verdicts do not apply to revocation hearings); *Cotta v. State*, 2013 Ark. App. 117, at 3. Specifically, he argues that he may challenge the State's failure to introduce the terms of his probation pursuant to *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40.

In *Scroggins*, this court described the introduction of the actual terms and conditions of probation as

> something of a procedural/sufficiency hybrid in that it is absolutely necessary for the trial court to be aware of what those terms and conditions are in order to determine if the defendant has violated them, but . . . as long as it is clear from the record that the trial court knew the terms and conditions of the defendant's probation, the fact that the conditions were not formally introduced into evidence does not constitute a failure of proof in and of itself.

2012 Ark. App. 87, at 6–7, 389 S.W.3d at 44. Workman asserts that it is not clear from the record that the circuit court knew the conditions of his probation; therefore, in the absence of that evidence, the court erred in finding that Workman had violated the terms and conditions of his probation.

Workman's reliance on *Scroggins* is misplaced. Since that opinion was published, our court has repudiated it on multiple occasions. In *Myers, supra*, we called *Scroggins* "somewhat of an outlier in our jurisprudence." 2014 Ark. App. 720, at 5, 451 S.W.3d at 591. In *Dixon v. State*, 2019 Ark. App. 412, at 2–3, this court rejected an attempt to rely on *Scroggins* and "clarified that the State's failure to introduce a copy of the terms and conditions [of probation] at trial is a procedural issue that must be raised before the circuit court." Most

recently, in *Butry-Weston v. State*, 2021 Ark. App. 51, 616 S.W.3d 685, this court noted that since *Scroggins*, our court has "steadfastly held that the failure to introduce the conditions of probation is a procedural matter that must be raised before the trial court to be preserved for review." 2021 Ark. App. 51, at 7, 616 S.W.3d at 689 (citing *Dixon, supra*; *Vangilder, supra*; *Myers, supra*). Accordingly, because Workman failed to object on this ground below, we do not reach his challenge to the State's failure to introduce the terms and conditions of his probation.

Alternatively, Workman also argues that the State failed to present sufficient evidence that he failed to complete an inpatient drug-treatment program while he was on probation. He contends that he was never given a time frame or completion date for undergoing drug treatment; thus, it was "error for the trial court to find that he failed to comply with terms of probation by not completing drug treatment."

As noted above, the State need only prove one violation of probation to sustain a revocation. *Costes v. State*, 103 Ark. App. 171, 287 S.W.3d 639 (2008). Here, the court found that the State had proved ten out of the twelve allegations set forth in the revocation petition. On appeal, Workman has challenged only the ground pertaining to his failure to complete inpatient drug treatment. When the circuit court bases its decision on alternate, independent grounds, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either. *Morgan v. State*, 2020 Ark. App. 212, at 4, 599 S.W.3d 665, 668; *Bedford v. State*, 2014 Ark. App. 239, at 2. Thus, because Workman does not challenge the court's determination that he violated the conditions of his probation by

6

repeatedly testing positive for methamphetamine, failing to report to his probation supervisor on multiple occasions, or failing to pay his financial obligations, we affirm without addressing the merits of Workman's argument.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Erin W. Lewis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Clayton P. Orr*, Ass't Att'y Gen., for appellee.