Cite as 2022 Ark. App. 307

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-21-420

| | |
|---|---|
| SASHA JOLENE SCHREIBVOGEL<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered August 31, 2022<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-15-1655, 04CR-18-2469]<br><br>HONORABLE ROBIN F. GREEN, JUDGE<br><br>AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Sasha Schreibvogel appeals after the Benton County Circuit Court revoked her probation on the charges of possession of drug paraphernalia and of failure to appear and sentenced her to serve an aggregate sentence of 120 months' imprisonment in the Arkansas Department of Correction. Appellant argues on appeal that the circuit court erred when it failed to comply with the requirements of Arkansas Rules of Criminal Procedure 24.4 and 24.5. We affirm.

I. *Relevant Facts*

In cases Nos. 04CR-18-2469 and 04CR-15-1655, appellant entered negotiated guilty pleas on February 21, 2019, to possession of drug paraphernalia, a Class D felony, in violation of Arkansas Code Annotated section 5-64-443(a)(2) (Supp. 2021) and to failure to

appear, a Class C felony, in violation of Arkansas Code Annotated section 5-54-120(b) (Supp. 2021). A sentencing order was filed on March 8, 2019, placing appellant on seventy-two months' probation on both counts.

On January 14, 2020, the State filed a petition for revocation of probation alleging that appellant had violated the following conditions of her probation:

1.    Defendant failed to report for intake.

2.    Defendant failed to pay fines and fees.

3.    Defendant traveled outside of the state of Arkansas without permission from the supervising officer.

A revocation hearing was held on February 23, 2021.

At the revocation hearing, the circuit court found appellant indigent and appointed her counsel. The circuit court then asked defense counsel whether counsel could address the three technical allegations set forth in the petition for revocation. Defense counsel responded, "We can, Your Honor." Thereafter, the following colloquy occurred:

| | |
|---|---|
| THE COURT: | Ms. Schreibvogel, the allegations against you on the petition to revoke your probation are that you failed to report to the probation office for intake to even start your probation; that you failed to pay fines, fees; and you also left the state of Arkansas without permission from your supervising officer. |
| | Do you admit or deny that these three allegations are true? |
| THE DEFENDANT: | Well, I had -- I had -- I – |
| [DEFENSE COUNSEL]: | Just -- Sascha, either -- just admit them -- |
| THE DEFENDANT: | Okay. |

[DEFENSE COUNSEL]:    ~ and then I'll do some explaining for the judge.

THE DEFENDANT:    Okay.  Yes, they are true.

THE COURT:    All right.  Go ahead, [defense counsel].

[DEFENSE COUNSEL]:    And, Your Honor, just ~ I'm sorry to interrupt.

Basically what happened was when we pled her on the cases down here, she was transported from the jail to Kansas and ~ was in ~ I believe in custody in Kansas until sometime in October of 2019.

Let me look, I made a note here.

[THE STATE]:    October 25th, 2019.

[DEFENSE COUNSEL]:    Yes, Judge.  And once she was released, I think that she just got kind of discombobulated and did not realize that she needed to come down; and then when she realized that she did need to come down, I think she just put it off.

She was arrested on these charges in June of '20, so she has been in ~ and that this is what she's telling me ~ she's been in custody since that time.

That's ~ that's the excuse ~ or that's the reason why we've got these three allegations, Judge.

. . . .

THE COURT:    All right. Ms. Schreibvogel, you've admitted the three allegations are true. And, quite honestly, on the face of it this looked like a contempt scenario to me, but hearing your extensive criminal history, you're not being forthcoming with the Court today, you don't know why the police were called; and you were supposed to have gone to a rehab facility, instead you were at a motel so get picked up again; you're not complying with Kansas, certainly have not done a darn thing for Arkansas, you've been on probation ~ it was a 2015 case.  Because you were gone for five years, we couldn't

3

| | |
|---|---|
| | even address your charges here until 2020 and you never -- you still never even reported for intake.  So, I'm revoking your probation.  Sentence you to 10 -- |
| THE DEFENDANT: | Ma'am? |
| THE COURT: | Huh-huh. Sentence you to 10 years in the Department of Correction in 15-1655 followed by six years in the Department of Corrections in 18-2469.  Outstanding fines, fees, costs due and payable as previously ordered.  You're remand -- looks like she's entitled to credit for 106 days served.  Outstanding fines, fees, costs due and payable as previously ordered. |

On April 1, 2021, before the sentencing order was filed, appellant filed a motion for reconsideration.  In that motion, appellant asked the court to reconsider its previous sentencing decision.  On May 4, 2021, the circuit court entered its written findings of fact, in which the circuit court specifically stated that

> [o]n February 23, 2021, the defendant appeared with her attorney and admitted all allegations were true, and she was found guilty of the same. . . . The Defendant's Probation was revoked and she was ordered to serve ten years in the Department of Corrections in CR 15-1655-1, with a concurrent six year sentence in CR 18-2469-1. The defendant was given credit for 106 days served and ordered to pay her outstanding court costs, restitution, fines and fees beginning 60 days from her date of release.

On the same date, the circuit court filed a sentencing order that sentenced appellant to serve concurrent terms of ten years' imprisonment in case No. 04CR-15-1655 and six years' imprisonment in case No. 04CR-18-2469.  This appeal followed.

## II. *Analysis*

Appellant does not contest the sufficiency of the evidence supporting the revocation. Instead, appellant argues on appeal that we should reverse and remand the case because the

4

circuit court erred when it failed to comply with the requirements of Arkansas Rules of Criminal Procedure 24.4 and 24.5. Appellant argues that when she "admitted" the allegations in the petition for revocation, she was essentially entering a guilty plea. In turn, she argues that because she entered a guilty plea, the guidelines for entering guilty pleas under Rule 24 are mandatory, and substantial compliance is required before the circuit court could accept her guilty plea. Therefore, she alleges her sentence should be overturned. Her argument lacks merit.

After reviewing the record, although appellant "admitted" at her revocation hearing that the allegations in the petition for revocation were true, nothing in our record indicates that appellant entered a "guilty plea" to the revocation. In addition to the transcript's failure to reflect that appellant entered a guilty plea, none of the boxes on the sentencing order were checked to indicate that appellant had entered a negotiated plea of guilty or nolo contendere or a direct plea to the court of guilty or nolo contendere. Even appellant's motion for reconsideration filed after the hearing stated that she "admitted the three allegations contained in the Petition to Revoke her probation filed on January 14, 2020" and did not mention she had pleaded guilty. Moreover, appellant appears to concede that the record lacks evidence of a guilty plea when she stated, "The record seems to indicate that there was no plea agreement in place when appellant 'admitted' the allegations." Furthermore, in the circuit court's written findings of fact filed after appellant's motion for reconsideration, the circuit court clearly stated, "On February 23, 2021, the defendant appeared with her attorney and admitted all allegations were true, and *she was found guilty* of the same[.]"  (Emphasis

5

added.)  Further, appellant fails to cite any authority or convincing argument that her admission of the allegations in the revocation petition at the revocation hearing must be treated by the circuit court or this court as a guilty plea.

The distinction between an admission of the allegations in the revocation petition and a guilty plea is not just one of semantics.  In a revocation proceeding, the circuit court must find by a preponderance of the evidence that not only did the defendant violate the conditions of probation but also that the defendant has *inexcusably* violated the conditions of her suspension or probation.  *Butry-Weston v. State*, 2021 Ark. App. 51, 616 S.W.3d 685; Ark. Code Ann. § 16-93-308(d) (Supp. 2021).  Once the State presents evidence that the defendant violated the conditions of probation, the defendant is given the opportunity to present the defense that the violation was excusable.  That is precisely what happened here. The appellant admitted violating the conditions of her probation.  Then, the appellant's attorney proceeded to offer evidence and argument that the appellant's violations were excusable, including that during the period of her probation, she was discombobulated and incarcerated in another state.

> [DEFENSE COUNSEL]: Just -- Sascha, either -- just admit them --
>
> THE DEFENDANT: Okay.
>
> [DEFENSE COUNSEL]: -- and then I'll do some explaining for the judge.
>
> THE DEFENDANT: Okay.  Yes, they are true.
>
> THE COURT: All right.  Go ahead, [defense counsel].

6

It is not enough that appellant simply admitted that she committed the violations alleged; she had to do so inexcusably.  *See Ingram v. State*, 2009 Ark. App. 729, 363 S.W.3d 6 (holding that the evidence was sufficient to support the revocation because the circuit court was not required to believe appellant's excuses after appellant had admitted the violations alleged in the petition).  Here, just like the defendant in *Ingram*, appellant admitted that she violated the terms and conditions as alleged in the petition, and her counsel offered the court an explanation as to why her violations were excusable.  However, the circuit court was not required to believe appellant's excuses.  Thus, in the absence of appellant's entering a guilty plea to the revocation, it is unnecessary for us to reach the issue of whether the requirements under Rule 24 would have applied to a guilty plea in a revocation proceeding.  Accordingly, we affirm.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.