Cite as 2023 Ark. App. 406

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR-22-771

| | | |
|---|---|---|
| FRANK G. GRIFFITH | | **Opinion Delivered** September 27, 2023 |
| | APPELLANT | |
| V. | | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT [NO. 28CR-19-408] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RANDY F. PHILHOURS, JUDGE |
| | | AFFIRMED; REMANDED TO CORRECT SENTENCING ORDER |

## N. MARK KLAPPENBACH, Judge

Appellant, Frank G. Griffith, appeals the revocation of his probation in case number 28CR-19-408.[1] We affirm the revocation of Griffith's probation; however, we remand for correction of an error on the sentencing order.

Griffith was on a five-year probationary term commencing in May 2021 for drug-related offenses. Contemporaneously with his guilty plea and acceptance of probation, Griffith agreed to thirteen written conditions of his probation, which were filed of record. In October 2021 and March 2022, the State filed petitions to revoke his probation. The alleged violations included failing to report on four occasions to his supervising officer;

---

[1]Appellant also appeals the revocation of his probation in a companion appeal, CR-22-772, which concerns case number 28CR-19-846, and which will be addressed in a separate opinion. *See Griffith v. State*, 2023 Ark. App. 407.

failing to provide medical documentation as requested in October 2021 by his supervising officer; failing to obtain an assessment as directed in October 2021; failing to pay $1,380 in court costs, fines, and fees; failing to pay $140 in supervision fees; committing the offenses of possession of drugs, driving on a suspended license, and failure to register a vehicle, all occurring in February 2022; and failing to make contact with his supervising officer in March 2022 since being released from jail in February 2022. These allegations, if true, supported violations of at least five of the conditions of his probation.

At the August 2022 revocation hearing, the circuit court took judicial notice of the case files, which included the written conditions of probation. Griffith's probation officer testified in detail about Griffith's failures to abide by his probation conditions. The circuit court found that the State had proved by a preponderance of the evidence that Griffith failed to report to probation, failed to provide medical documentation or present himself for an assessment for treatment, failed to pay his fines and fees as ordered, and failed to live a law-abiding life and instead committed new criminal offenses. Griffith's probation was revoked, he was sentenced to six years in prison, and he now appeals.

Griffith's sole argument on appeal is that there is insufficient evidence to support revocation of his probation because "it is not clear from the record that the trial court knew the terms and conditions of Appellant's probation," no written probation conditions were introduced at the hearing, and no witness testified about the specific probation conditions. This, Griffith argues, renders the evidence insufficient to revoke. We disagree.

An argument that the State failed to introduce a copy of the conditions of probation is a procedural objection that must be raised before the circuit court. *Morgan v. State*, 2020 Ark. App. 212, 599 S.W.3d 665. An appellant cannot raise this procedural argument for the first time on appeal when, at the revocation hearing, he did not object to the State's failure to introduce the terms and conditions of his probation. *Vangilder v. State*, 2018 Ark. App. 385, 555 S.W.3d 413.

Griffith nonetheless couches his argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). Griffith contends that he may challenge the State's failure to introduce the terms of his probation pursuant to *Scroggins v. State*, 2012 Ark. App. 87, 389 S.W.3d 40, but his reliance on *Scroggins* is misplaced. Since that opinion was published, our court has repudiated it on multiple occasions. In *Dixon v. State*, 2019 Ark. App. 412, this court rejected an attempt to rely on *Scroggins* and clarified that the State's failure to introduce a copy of the terms and conditions of probation at trial is a procedural issue that must be raised before the circuit court. *See also Butry-Weston v. State*, 2021 Ark. App. 51, 616 S.W.3d 685. Griffith failed to object on this ground to the circuit court, so we do not reach his challenge to the State's failure to introduce the terms and conditions of his probation. *See Workman v. State*, 2022 Ark. App. 74, 640 S.W.3d 434.

Even so, it is apparent that the conditions of Griffith's probation were provided to him in writing, he initialed each of the conditions, the conditions were part of the record before the circuit court, and the circuit court took judicial notice of the entire case file, which

3

included the written conditions. The circuit court did not clearly err in revoking Griffith's probation. Accordingly, we affirm the decision to revoke probation.

We must remand, however, for the circuit court to correct a scrivener's error on the sentencing order because the order erroneously states that the sentence imposed for possession of a controlled substance was not the result of a probation revocation. Obviously, this proceeding was a revocation of Griffith's previously imposed probation in the underlying case of 28CR-19-408. We remand to the circuit court to correct the sentencing order. *See Walls v. State*, 2023 Ark. App. 49, 659 S.W.3d 741.

Affirmed; remanded to correct sentencing order.

HARRISON, C.J., and BROWN, J., agree.

*James Scurlock*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.