Cite as 2024 Ark. App. 68

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-23-457

HARRY ALMOND

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered January 31, 2024

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. 04CR-15-1786]

HONORABLE BRAD KARREN,
JUDGE

AFFIRMED

**MIKE MURPHY, Judge**

The Benton County Circuit Court revoked appellant Harry Almond's suspended imposition of sentence (SIS) and sentenced him to six years' imprisonment and ten years' SIS. On appeal, Almond argues that the trial court erred in revoking his SIS because the State failed to produce evidence that he received the written conditions of his suspended sentence. We affirm.

In 2017, Almond pleaded guilty to two counts of sexual assault in the second degree and was sentenced to seventy-two months in the Arkansas Department of Correction with 120 months' suspended sentence to follow. At the time the sentencing order was entered, a signed plea agreement was also entered, outlining the conditions Almond was to abide by throughout the duration of his suspended sentence, the first condition being that he was not

to violate any laws. On July 26, 2022, the State petitioned to revoke his suspended sentence, alleging he had violated the first condition by committing the crime of public sexual indecency on July 13 in Crawford County.

A revocation hearing was held on December 1. Without objection, a certified copy of Almond's guilty plea in Crawford County was entered into evidence. Also without objection, the court took judicial notice of the signed conditions of Almond's suspended sentence. Specifically, the State asked the court to take judicial notice that Almond "was on a suspended sentence contract, and . . . the first term of that contract [was] that he not commit any new offenses."

After considering the evidence, the court revoked Almond's suspended sentence on the ground that he had committed a new offense. He was then sentenced to seventy-two months' imprisonment.

To revoke probation or a suspended sentence, the burden is on the State to prove the violation of a condition of the probation or suspended sentence by a preponderance of the evidence. *Dunlap v. State*, 2022 Ark. App. 202, at 4. The State need only prove one violation of the terms and conditions of probation to sustain a revocation. *Id.* On appellate review, the circuit court's findings will be upheld unless they are clearly against the preponderance of the evidence. *Id.* Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for revocation of probation or suspended sentence. *Id.* Furthermore, because the determination of a preponderance of the evidence turns on

questions of credibility and weight to be given to the testimony, we defer to the circuit court's superior position. *Id.*

Arkansas Code Annotated section 5-4-303(e)(2) (Supp. 2023) states, "If the court suspends imposition of sentence on a defendant or places him or her on probation, the court shall . . . [g]ive the defendant a written statement explicitly setting forth the conditions under which he or she is being released." The reason for this requirement is to avoid a misunderstanding by the defendant. *Nelson v. State*, 84 Ark. App. 373, 380, 141 S.W.3d 900, 904–05 (2008). We have repeatedly held that an argument that the State failed to introduce a copy of the conditions of a probation is a procedural objection that must be raised before the circuit court. *Workman v. State*, 2022 Ark. App. 74, at 4, 640 S.W.3d 434, 436.

On appeal, Almond argues there was no compliance with, or judicial notice taken of, compliance with Arkansas Code Annotated section 5-4-303(e)(2). He contends the court did not take judicial notice of the existence of the SIS contract, only that the contract said Almond was not to commit any crimes.

Almond did not object to the court's taking judicial notice that his SIS contract required that he not commit any new offenses, nor did he object to the State's failure to introduce a copy of his conditions. He also never made the argument below that he failed to receive a copy of the SIS contract.

Accordingly, because Almond failed to object on any ground below, we need not reach his challenge to the State's failure to introduce the terms and conditions of his probation.

Affirmed.

KLAPPENBACH and BARRETT, JJ., agree.

*Sharon Kiel Law*, by: *Sharon Kiel*, for appellant.

*Tim Griffin*, Att'y Gen., by: *A. Evangeline Bacon*, Ass't Att'y Gen., for appellee.