Cite as 2026 Ark. App. 34

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-324

|  |  |  |
|---|---|---|
| RUDI HERNANDEZ | APPELLANT | Opinion Delivered January 21, 2026 |
|  |  | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CR-24-1024] |
| V. |  |  |
|  |  | HONORABLE ROBIN F. GREEN, JUDGE |
| STATE OF ARKANSAS | APPELLEE | REBRIEFING ORDERED; MOTION TO WITHDRAW DENIED; REMANDED WITH INSTRUCTIONS TO STRIKE ILLEGAL PORTION OF SENTENCING ORDER |

**BART F. VIRDEN, Judge**

Appellant Rudi Hernandez appeals from the order of the Benton County Circuit Court revoking his probation and sentencing him to an aggregate term of twelve years' imprisonment. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(b)(1) of the Rules of the Arkansas Supreme Court and Court of Appeals, Hernandez's attorney has filed a no-merit brief and a motion to withdraw on the basis that this appeal is wholly without merit. The clerk of this court mailed a copy of counsel's motion and brief to Hernandez informing him of his right to file pro se points for reversal, but he has not filed any points. We order rebriefing and deny counsel's motion to withdraw. We also remand with

instructions for the trial court to strike from the sentencing order what amounts to an illegal sentence—that Hernandez must complete substance-abuse treatment.

In June 2024, Hernandez was charged in case number 04CR-24-1024 with two counts of first-degree terroristic threatening. In July, he pleaded guilty to both offenses and was placed on probation for a period of six years; ordered to pay a fine, fees, and costs; and instructed to comply with certain special conditions in addition to standard terms and conditions of probation. Specifically, Hernandez was ordered to submit to a substance-abuse assessment and comply with any recommended treatment; enroll in and complete anger-management classes; and have no contact with and commit no violence against certain victims.

In October 2024, the State filed a petition to revoke Hernandez's probation, alleging that he had committed new offenses on September 30, including three counts of third-degree endangering the welfare of a minor; third-degree assault on a family or household member; and third-degree domestic battering. The State also alleged that Hernandez had failed to provide proof of completion of the substance-abuse assessment and the anger-management class.

On February 3, 2025, Hernandez appeared for his revocation hearing.[1] The State amended the first ground in its petition to allege the commission of only one count, instead

---

[1]Before addressing the State's revocation petition, a pretrial status hearing for a different case was held at which Hernandez pleaded guilty to battering someone at the jail.

of three counts, of endangering the welfare of a minor, and the State moved to strike its second allegation having to do with the commission of assault on a family or household member. After Hernandez admitted that the remaining allegations as amended were true, the trial court sentenced him to consecutive terms of six years' imprisonment for each count of terroristic threatening.[2] Hernandez filed a timely notice of appeal.

In his no-merit brief, defense counsel asserts that this case involved a guilty plea and that, except as provided by Ark. R. Crim. P. 24.3(b), there shall be no appeal from a plea of guilty pursuant to Ark. R. App. P.–Crim. 1(a). The sentencing order, however, indicates that Hernandez was found guilty by the court and sentenced by the court.

---

[2]The sentencing order states that Hernandez was "again Ordered to complete substance abuse treatment." *But see Burton v. State*, 2012 Ark. App. 452 (affirming revocation decision but modifying sentencing order because appellant received an illegal sentence due to the trial court's order for long-term drug treatment); *Parmley v. State*, 2011 Ark. App. 685 (affirming revocation of suspended sentence but instructing the trial court to strike part of the appellant's sentence that was illegal because the trial court did not have authority to order him to seek drug treatment in prison). Accordingly, we instruct the trial court on remand to strike the portion of the sentencing order directing Hermandez to complete substance-abuse treatment because it is an illegal sentence.

If counsel elects to file another no-merit brief, he should discuss the legality of Hernandez's sentence. *See, e.g.*, *Mouse v. State*, 2025 Ark. App. 12 (remanding to settle and, if necessary, supplement the record in no-merit appeal because entire record was not before court and instructing counsel to discuss the legality of the appellant's sentence as a habitual offender upon rebriefing should counsel choose to file another no-merit brief); *Price v. State*, 2012 Ark. App. 33 (ordering rebriefing in no-merit appeal due to deficiencies that included the omission of any discussion of the legality of the appellant's multiple sentences that had been revoked).

At the hearing, the prosecutor said that Hernandez had "pleaded guilty" to the allegations in the State's petition, but there is nothing in the record documenting any plea agreement related to the revocation petition. The trial court read the State's allegations and asked whether Hernandez admitted or denied them, and Hernandez admitted that the allegations were true. At the conclusion of the hearing, the trial court stated, "[Hernandez has] admitted allegation number one as amended is true. He's admitted allegations three, four, and five are true. He's found guilty of the same." In a docket entry, the trial court indicated by circling words and listing numbers that Hernandez "admits" counts 1, 3, 4, and 5 and that, for "Findings," Hernandez is guilty on counts 1, 3, 4, and 5. A week after the sentencing order was entered, the trial court entered written findings of fact,[3] and there is no mention of a guilty plea in connection with the allegations or grounds in the State's revocation petition; rather, the trial court wrote that Hernandez had admitted that the allegations were true.

In *Schreibvogel v. State*, 2022 Ark. App. 307, the appellant argued that the trial court erred in not complying with Ark. R. Crim. P. 24.4 and Ark. R. Crim. P. 24.5 before revoking her probation. At the appellant's revocation hearing, the trial court asked the appellant

---

[3]Contrary to its oral findings at the hearing, the trial court's written factual findings state that Hernandez admitted to having committed three counts of endangering the welfare of a minor and that Hernandez "denied" assaulting a family or household member. When a sentencing court's oral ruling is inconsistent with its subsequent written order, the discrepancy is decided in favor of the written order. *See Radford v. State*, 2018 Ark. App. 89, 538 S.W.3d 894.

whether the State's allegations in its petition to revoke were true. The appellant admitted the allegations and was sentenced to imprisonment. We said that, although the appellant "admitted" at her revocation hearing that the allegations in the petition for revocation were true, nothing in our record indicated that the appellant had entered a "guilty plea" to the revocation. To support this conclusion, we referred (1) to the sentencing order on which none of the boxes were checked to show that a guilty plea had been entered; (2) the trial court's written findings of fact stating that the appellant had admitted the allegations and been "found guilty of the same"; (3) the appellant's motion for reconsideration in which there was no mention of a guilty plea; and (4) a concession by the appellant that the record seemed to indicate that there was no plea agreement in place when she admitted the allegations in the revocation petition. We also noted that the appellant had cited no authority or convincing argument for the proposition that her admission to the allegations of the revocation petition must be treated by the trial court or this court as a guilty plea.

As in *Schreibvogel*, the record here does not support defense counsel's assertion that Hernandez entered a guilty plea to the allegations in the State's revocation petition. In fact, all indications in the record are to the contrary, although Hernandez similarly admitted at his revocation hearing that the allegations against him were *true*.

While counsel asserts in his brief that "there is not a single adverse ruling in the record," we encourage counsel to review *Anders*, *supra*, and Rule 4-3(b) before filing another no-merit brief. Counsel should file a substituted brief that complies with the rules within fifteen days from the date of this decision. We express no opinion on whether the new brief

should be made pursuant to Rule 4-3(b) or whether it should be on meritorious grounds. If a no-merit brief is filed, counsel's motion and brief will be forwarded by our clerk to Hernandez so that, within thirty days, he again will have an opportunity to raise any points he chooses in accordance with Rule 4-3(b)(2). The State will likewise be given an opportunity to file a reply brief if Hernandez files pro se points for reversal.

Rebriefing ordered; motion to withdraw denied; remanded with instructions to strike illegal portion of sentencing order.

BARRETT and THYER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

One brief only.